## SEYMOUR and another vs. CARPENTER and another.

*February 9 — March 2, 1881.*

PARTIES PLAINTIFF:. FLOWAGE OF LAND. *Who may join in action for damages from mill dam.*

Our statute gives to " any person whose land is overflowed or otherwise injured " by a mill dam, the right to an action, in which not only past damages may be recovered, but the amount of future gross or annual damages may be determined, upon payment of which defendant shall have the perpetual right to flow the land. It does not in terms confine the right of action to the *legal* owner, but requires the plaintiff to state in his complaint his "interest" in the land. *Held,* that where A has the legal title to land, of which B is in possession under a contract entitling him to a deed upon full performance of its conditions on his part, they may unite in bringing an action under the statute against one who flows the land by means of a mill dam; and the court has power to apportion between the plaintiffs the amount recovered.

APPEAL from the Circuit Court for *Sauk* County.

The action was brought under chapter 146, R. S., entitled "Of mills and mill dams," to obtain compensation for the alleged flowing of the land described in the complaint, by means of the mill dam of the defendants. The allegations of the complaint in respect to the title to the land flowed are, substantially, that the plaintiff *Seymour* holds the legal title thereto; that the plaintiff *Hunter* is in possession of the land under contract with *Seymour* for the purchase of the same; and that a large amount of the agreed price or purchase money remains unpaid. These are the only allegations of the complaint necessary to be stated. In other respects it contains the averments required by law. The grounds of demurrer assigned are as follows: "*First,* that the complaint does not state facts sufficient to constitute a cause of action in favor of the plaintiffs and against the defendants; and *second,* that several causes of action have been improperly united, one being an action in favor of the plaintiff *Seymour* for an injury to the real property described in the complaint, and one being an action

in favor of the plaintiff *Hunter* for an injury to his, *Hunter's*, possession of said property.

From an order overruling the demurrer, defendants appealed.

The cause was submitted on the brief of *John Turner* for the appellants, and that of *J. W. Lusk* for the respondents.

LYON, J.   The result of an action brought under chapter 146, R. S., is, or may be, to vest in the defendant a perpetual right to flow the land of the plaintiff.   The compensation therefor may be the payment of a sum of money annually, or a gross sum, as the plaintiff may elect.   Sections 3381, 3387. The payment of the compensation fixed by the jury, whether annual or gross, gives the defendant an easement or servitude in the land flowed.   No action at common law can be maintained for past damages occasioned by the flowing.   Such damages must be determined in the same action in which compensation for future damages is assessed and the right of future flowage established.   Sections 3377, 3381.   The statute gives the right of action to " any person whose land is overflowed or otherwise injured " by a mill dam.   Section 3377.   It does not, in terms, confine the right of action to the owner of the legal title.   It only requires that the plaintiff shall state in his complaint his interest in the land flowed or injured.   Section 3378. In this case the plaintiff *Seymour* holds the legal title to the land as security for unpaid purchase money.   The plaintiff *Hunter* is the owner of the equitable title, and in possession of the land.   The interest of each in the land is somewhat contingent.   If *Hunter* pays for the land according to his agreement, he will be entitled to a conveyance by *Seymour* of the legal title, and will thus become the absolute owner of the land. If he makes default, *Seymour* may reclaim the possession and extinguish the outstanding equitable title.   As the title now stands, neither *Seymour* nor *Hunter* is the absolute owner, but the interests of both, joined together, constitute an absolute indefeasible title to the land.   Hence, the land alleged in

the complaint to be flowed or injured by the defendant's mill dam is the land, not of *Seymour* alone or *Hunter* alone, but of *Seymour* and *Hunter* together; and, under the statute above cited, as well as under general rules of law, they may, and perhaps must, join in this action.   See *Schiffer v. City of Eau Claire, ante,* p. 385.

There being nothing in the statute which restricts the right of action to the owner of the legal title, the case of *School Districts v. Edwards,* 46 Wis., 150, is in point.   There, several school districts entitled to a specific fund, in unequal and unascertained proportions, were allowed to join as plaintiffs in an action to recover the same.   Here, two persons having an interest in the land flowed, not as joint owners or tenants in common, but whose interests are relatively contingent and together constitute the whole title, join as plaintiffs in an action given by statute to the person whose land is flowed or injured; that is, to the owner of the land.   As the case now stands, both plaintiffs are also interested in the recovery. *Seymour* is interested to the extent of the unpaid purchase money.   *Hunter* is interested in the whole sum recovered, because any sum which, in the distribution of the compensation recovered, is awarded by the court to *Seymour*, goes to pay *Hunter's* debt and perfect his title, and the balance (if any) goes directly to him.   Their respective interests may be changed by payment or default before distribution, but the court will make distribution as their rights shall then appear. The principle of the two cases seems to be the same.   In each case all persons interested in the subject matter of the suit, and in the judgment which may be recovered therein, join as plaintiffs, although the amount of their respective interests may not be definitely ascertained until after judgment.

In view of an argument in the brief of the learned counsel for appellants, based upon the dissenting or supplemental opinion of the late learned chief justice in the case of *School Districts v. Edwards,* it is proper to say that, had the improper

joinder of causes of action been assigned as a ground of demurrer in that case, we think the result would have been the same. The demurrer would in like manner have been overruled. There can be no necessity for a multiplicity of actions where the subject of litigation is an undivided fund, and the right of each claimant thereto rests exclusively upon grounds common to all. Moreover, there was, correctly speaking, but a single cause of action in that case, to wit, a cause of action to recover the common fund. So this action is to recover compensation for flowing, and for the permanent right to flow, the land described in the complaint. It is a single cause of action, without regard to the number interested in the recovery or the nature of the respective interests.

Our conclusion is, that the action was properly brought by *Seymour* and *Hunter* jointly, and that there is no improper joinder of causes of action in the complaint. No other question was argued on this appeal.

·*By the Court.*— The order of the circuit court, overruling the demurrer to the complaint, is affirmed.