CORNELL UNIVERSITY, Respondent, vs. MEAD, imp., Appellant.

*September 4 — November 17, 1891.*

*Tax deeds: Unoccupied lands: Constructive adverse possession: Waiver by oral agreement to convey to original owner: Limitation of actions.*

A tax deed of unoccupied land was valid on its face but void for irregularities in the tax sale. The grantee agreed orally to execute a quitclaim deed to the original owner upon repayment of the amount of taxes paid by him, with interest. Relying upon such promise the original owner delayed bringing ejectment until more than three years after the recording of the tax deed. *Held*, that the oral agreement operated as a waiver and abandonment of the constructive possession obtained by the grantee by the recording of the tax deed, and hence stopped the running of the statute of limitations (sec. 1188, S. & B. Ann. Stats.) in his favor.

APPEAL from the Circuit Court for *Clark* County.

This is an action of ejectment, brought by the original owner against *William H. Mead* and his wife. In the answer *William H. Mead* claimed to be the owner of the land under a tax deed executed to him May 29, 1882, on the sale of May, 1879, for the taxes of the year 1878, and pleaded the three-years statute of limitation (sec. 1188, R. S., as amended). The defendant wife disclaimed any interest in the land.

A jury having been waived by the parties in open court, the cause was tried by and before the court, and upon such trial the court found, among other things, in effect, as matters of fact, the making of such tax sale and the execution and recording of such tax deed; that the treasurer of the county did not, at least four weeks previous to said sale, post up copies of the statement and notice required by secs. 1130–1132, R. S., nor in any conspicuous place in his office, nor in a newspaper published in the county where the lands

were situated; that November 13, 1879, the plaintiff commenced an action against said county, its treasurer and clerk, to set aside all tax certificates held by the county, and including, as alleged in the complaint therein, the certificates in question, and obtained a preliminary injunction therein; that the answer of said county in said suit was verified by the defendant *William H. Mead* as chairman of the county board; that said injunction suit was finally compromised in April, 1883, by the payment of a sum agreed upon by the parties; that the plaintiff supposed such compromise included the tax certificates in question; that neither the plaintiff nor its officers had any actual knowledge of the taking or recording of said tax deed until June, 1884; that about July 1, 1884, the defendant *William H. Mead* agreed to and with the plaintiff that he would execute to the plaintiff a quitclaim deed of the lands in question for the amount of taxes paid by said defendant and interest thereon, as he did not consider his tax title on the premises good; that shortly after, and during 1884, a quitclaim deed was prepared by the plaintiff and sent to said defendant to execute, pursuant to said agreement, but that he did not execute and return the same, and the matter rested in abeyance until the three years from the date of recording said tax deed had expired, when he refused to execute said quitclaim deed as agreed; that the plaintiff, its officers and agents, were thereby lulled into inactivity and thrown off their guard by such representations and promises of said defendant; that otherwise the plaintiff would have brought action to test the validity of said tax deed within said three years; that the plaintiff is the owner of the lands described and entitled to the immediate possession thereof; that during all the times mentioned said lands were wild, unoccupied, timbered lands; that the defendant *William H. Mead* unlawfully detains said lands from the plaintiff; that the other allegations of the complaint are true.

As conclusions of law the court found that the plaintiff is the owner in fee-simple of the lands, and is entitled to judgment against the defendant *William H. Mead* for the possession thereof; that said tax deed was and is invalid by reason of the irregularity and illegality in the tax proceedings; that the statute of limitation pleaded had not run, for the reason that the same had been interrupted and had ceased to run in June or July, 1884; and judgment was ordered accordingly on condition that the plaintiff pay the taxes, costs, and interest, as prescribed by law, within the time named. From the judgment entered thereon accordingly the defendant *William H. Mead* appeals.

*James O'Neill,* for the appellant, contended, *inter alia,* that real estate cannot be conveyed by parol; that a promise within the statute of frauds is not binding by way of estoppel, even though acted upon; and that such a promise, without fraud, will not suspend the running of the statute of limitations. Bigelow, Estoppel, 438; 2 Herman, Estoppel, sec. 987; *Hayes v. Livingston,* 34 Mich. 384; *Langdon v. Doud,* 10 Allen, 433; *Brightman v. Hicks,* 108 Mass. 246; *Trenton v. Duncan,* 86 N. Y. 221; *Jackson v. Cary,* 16 Johns. 306; *Hamlin v. Hamlin,* 19 Me. 141; *Wright v. De Groff,* 14 Mich. 164; *Doe ex dem. McPherson v. Walters,* 16 Ala. 714; *Mills v. Graves,* 38 Ill. 466; *Parker v. Barker,* 2 Met. 423.

For the respondent there were briefs by *W. F. Bailey* and *R. J. MacBride,* and oral argument by *Mr. MacBride.* To the point that when the defendant agreed to quitclaim to the plaintiff, disclaiming any title in himself and admitting that his tax deed was void, he ceased to hold in hostility to the plaintiff's title, and the continuity of his constructive adverse possession was broken and interrupted — they cited *Knox v. Cleveland,* 13 Wis. 245, 252; *Miller v. Keene,* 5 Watts, 348; *Comegys v. Carley,* 3 id. 280; *Warren v. Putnam,* 63 Wis. 410, 415; *Lewis v. Disher,* 32 id. 504;

*State v. Bishop*, 22 Mo. App. 435; *Wallace's Appeal*, 5 Pa. St. 103; *Laing v. McKee*, 13 Mich. 124.

The following opinion was filed September 29, 1891:

CASSODAY, J. The tax deed under which the defendant claims title was recorded May 31, 1882. It is, in effect, conceded that copies of the statement of delinquent taxes and the notice of the tax sale upon which the deed was issued were not posted up as required by secs. 1130–1132, R. S. This being so, the sale was a nullity, and the deed issued thereon was void. It necessarily follows that the plaintiff is entitled to recover unless its right of action is barred by the three-years statute of limitation pleaded. Sec. 1188, S. & B. Ann. Stats.

The lands were wild and unoccupied during the times in question. The mere execution and delivery of the tax deed did not vest in the defendant the title or possession of the lands, nor give him the right to maintain ejectment therefor. *Hewitt v. Week*, 59 Wis. 444. But the tax deed, being valid upon its face and duly recorded, did carry to the defendant the constructive possession of the lands. This would have been otherwise had the irregularities in the tax sale appeared in the tax deed, for it is well settled that a tax deed void upon its face does not carry the constructive possession. *Lander v. Bromley*, 79 Wis. 372. Although the land was wild and unoccupied, yet the recording of the tax deed, as has been frequently held by this court, was such an assertion of title by the grantee therein named as authorized ejectment by the original owner.

The question presented, therefore, is not the one so elaborately discussed by the learned counsel for the defendant,— as to whether the defendant could surrender an interest in the lands by the parol agreement found by the court,— nor even a question as to the surrender of actual possession by parol, but whether such agreement operated

to destroy or interrupt the defendant's *constructive* posses-
sion of the lands, which he acquired by virtue of the tax
deed.   In other words, Did it operate to stop the further
running of the statute of limitation in his favor?   That
statute is not so much a muniment of title as a privilege
which may be waived or forever lost by a simple failure to
plead it.   So it may be lost by estoppel *in pais.*   Again,
such constructive possession only continues while the lands
described in the tax deed *remain* vacant and unoccupied.
Sec. 1187, S. & B. Ann. Stats.   In other words, such con-
structive possession only ripens into an absolute title when
such lands remain vacant and unoccupied *continuously* dur-
ing the whole period named in the statute.   Accordingly it
has been frequently held that an occupation of such land by
the former owner for *any portion* of such period breaks the
continuity and destroys such constructive possession. *Lewis
v. Disher*, 32 Wis. 504; *Haseltine v. Mosher*, 51 Wis. 443;
*Smith v. Sherry*, 54 Wis. 130; *Warren v. Putnam*, 63 Wis.
414; *Finn v. Wis. R. Land Co.* 72 Wis. 546.

Such being the nature of mere constructive possession
under a tax deed valid upon its face, but otherwise void,
was it not competent for the defendant, before the running
of the statute in his favor, to surrender such constructive
possession by the parol agreement found by the court?

The agreement found to have been made about July 1,
1884, between the plaintiff and the defendant, presupposes
a claim on the part of the plaintiff that the tax deed was
void, and that the plaintiff then threatened to bring suit to
invalidate the same, and that to avoid such suit the defend-
ant agreed to execute a deed to the plaintiff for the amount
of taxes he had paid and interest.   Such, in effect, is the
testimony of Mr. Bailey, who acted for the plaintiff in mak-
ing the agreement.   Mr. Bailey also testified that he offered
to pay the amount to the defendant then, but that the lat-
ter said he did not know the amount; that when he got

home he would figure it up, and let him know the amount; and that Mr. Bailey could then send him a check or draft for the amount.   It is true, the defendant denies much of Mr. Bailey's testimony, but it is evident that the trial court was convinced of its truthfulness, and therefore found accordingly.   To allow the defendant to back out of his agreement thus made, after the plaintiff had relied upon it until the statute of limitation would otherwise have run, would operate as a great injustice to the plaintiff.

We are constrained to hold that by the making of such agreement the defendant waived and extinguished his constructive possession, and surrendered and abandoned the claim of title which he had inferentially asserted by the recording of his tax deed.   This necessarily results from the logic of the opinion of our late Brother TAYLOR in *Warren v. Putnam*, 63 Wis. 413–418.

*By the Court.*— The judgment of the circuit court is affirmed.


ORTON, J., took no part.


Upon a motion for a rehearing there was a brief for the appellant by *James O'Neill*, attorney, and *Morris & Morris*, of counsel; and a brief for the respondent by *W. F. Bailey*.

The motion was denied November 17, 1891.