### STATE v GREEN

Ohio Appeals, 5th Dist, Knox Co

Decided Oct 31, 1936

W. L. Howell, Pros. Atty., Mt. Vernon, and B. B. Ferenbaugh, Danville, for appellant.

Robert L. Carr, Mt. Vernon, for appellee.

### OPINION

By SHERICK, J.

This is a prosecution against Burl Green on a charge of rape, appealed to this court by the state on a question of law. The trial resulted in a verdict of guilty of an attempt to commit rape. Thereupon the defendant moved for a new trial, and by a separate motion filed at the same time moved for the defendant's discharge notwithstanding the verdict. These motions are predicated upon the theory that the trial court erred. in charging the jury on the lesser offenses, and that the failure of the jury to convict of the crime of rape was in fact an acquittal thereof. The trial court concluded that the facts did not warrant the charge upon the lesser offenses and sustained the motion for a new trial. The motion to discharge the defendant was at the same time denied.

The sole ground of error advanced by the state is based on the contention that the court erred as a matter of law in its final conclusion that the issues of lesser offenses were not presented by the evidence, and that the court was guilty of an abuse of discretion in granting a new trial. Counsel for the appellee does not question the state's right to appeal from such an order, but without attempting to perfect an appeal or cross-appeal the appellee insists that the trial court erred in its refusal to sustain the motion for discharge, and this court is importuned to enter the order that the trial court should have rendered. However, it is our notion that neither party is entitled to the relief asked, and that the appeal should be dismissed.

When §12223-2 GC (new Appellate Re-

view Act) is examined and compared with its predecessor, §12258 GC, which is superseded, it will be noted that little change has been effected thereby other than to recite what action a reviewing court may exercise in respect to a final order appealed from. These sections in identical language define what is a final order. This being true, it must follow that what the courts of this state have previously determined under repealed §12258 GC, with respect to the finality of an order sustaining a motion for a new trial, still remains the law of Ohio.

It hardly seems profitable to here review the decisions of this state which uniformly hold that the sustaining of a motion for a trial is not a final order, "unless the case is so strong as to show an abuse of discretion," as said in Dean v King, Pennock & King, 22 Oh St 118, 134. The authorities are found collected in 2 O. Jur. 143, §126. It is well settled that the granting of such a motion lies within the sound discretion of the trial court. Any abuse thereof relied upon to remove the matter from the general· rule must present a strong case; that is one that presents a gross abuse of such nature as to shock the mind and conscience of the reviewing court. In the present instance it is said that the trial court misconceived the law applicable to the case, and that the court's charge on lesser offenses was correct. The appellee disputes this claim. It therefore becomes apparent that the trial court was obliged to closely scrutinize the evidence to determine if he had charged erroneously. We see no gross abuse of discretion in the court's action in that respect. No impropriety is pointed out. Our examination of the evidence discloses that a rather debatable interpretation might be placed upon the proof made, and also that the propriety of the charge on the lesser offenses was susceptible of considerable doubt. We are not called upon to determine in which instance, if any, the court was right, or in which, if any, he was wrong. We do not find that the trial court in any respect or degree abused his discretion. The order appealed from is not a final order upon which appeal may be perfected and maintained.

If it were to be conceded, as it may not be, that the order of which the appellant complains was a final order from which an appeal might be prosecuted, it would follow that the appellee is not entitled to the relief which he claims.

For a period of many years, under our old form of procedure, it was repeatedly recognized, although there was no statutory provision therefor, that a defendant in error might and should file a cross-petition in error, and therein ask for a reversal of the judgment for errors prejudicial to him and not assigned in the plaintiff in error's petition in error if he felt himself aggrieved by the judgment entered. Under the new form of procedure, in matters appealable on questions of law only a plaintiff in error is now the appellant and a defendant in error is now the appellee. The new act regarding procedure in this respect simply changes the appellation by which the parties are now to be known. The new act like the procedure of the old, contains no reference to employment by an appellee of a cross-appeal by which he might complain of a judgment erroneously prejudicial to him, and of which the appellant did not complain in his specifications of error. Surely an appellee may now complain of such an order just as he previously had a right to complain by a cross-petition in error. If he may not, then the appellant's appeal on other questions would preclude him from a right to a review of that portion of a judgment adverse to the appellee. This was not the purpose or intent of the new act. To the contrary it is prescribed in §12223-3 GC, that "every· final order, judgment or decree * * * may be reviewed."

We are unable to find from an examination of the act anything therein prescribed or intended to do away with the salutary practice of permitting and requiring an appellee to be at the same time an appellant in the same appealed cause. if his adversary does not question an order of which he as appellee might complain. It is proper and just that the appellee be required to file his assignment of error and perfect an appeal from that portion of the judgment or order of which he would be relieved.

The appellee herein has failed to so act and preserve his claimed error for review. His claim of error must therefore be ignored. The appeal is dismissed at the state's costs.

Appeal dismissed.

LEMERT, PJ, and MONTGOMERY, J, concur.