## CROAN, Plaintiff Appellant v. THE BANNER OHIO TRANSFER CO., Defendant Appellee

Ohio Appeals, Eighth District, Cuyahoga County.

No. 19098.   Decided April 12, 1943.

A. W. Brown, Cleveland for plaintiff-appellant.
Roger Burtt, Cleveland, for defendant-appellee.

## OPINION

By MORGAN P. J.

The plaintiff filed his action in the Municipal Court of Cleveland, seeking to recover $101.39 as damages to his automobile in a collision with the defendant's truck on May 27, 1941, on Prospect Avenue near East 22nd Street, Cleveland, Ohio.

The defendant filed an answer denying the allegations of negligence and in a cross-petition alleged that the collision was caused by the plaintiff's negligence and stated that the damages to defendant's truck by the collision was $104.30 for which amount the defendant prayed judgment.

In its answer, the defendant further alleged that it had reason to believe that the plaintiff had a policy of collision insurance with the Emmco Insurance Company and that the insurance company had paid some amount on the damages caused to plaintiff's car by the collision and had "therefore become subrogated in the amount so paid."

The Emmco Insurance Company was made a new party defendant at the request of the principal defendant.

The Emmco Insurance Company filed a cross-petition stating that prior to the collision it had executed to the plaintiff a policy of $50.00 deductible collision insurance and that it had paid to the plaintiff the sum of $51.39 thereon. The principal defendant filed a general denial to this cross-petition.

It was stipulated by counsel at the hearing that the repair bill to plaintiff's automobile was $101.39 and that this amount represented the damage to the automobile caused by the collision.

At the conclusion of the trial, the trial court made the following entry:

"Trial had. Court finds for the plaintiff for $50.00 and costs, on petition as against defendant, McCrory. Court also

finds for plaintiff on cross-petition of A. P. McCrory, and for defendant A. P. McCrory on cross-petition of The Emmco Insurance Company."

This entry can only mean that the trial court found that the collision was caused by the defendant's negligence and that, therefore, the defendant should respond in damages for the injury to plaintiff's automobile which all parties stipulated amounted to $101.39.

The evidence supports this finding of the trial court.

Clearly such a finding required a judgment for the plaintiff for $101.39, unless the evidence shows that the insurance company by the payment of some amount on its policy had a claim against McCrory on the principle of subrogation.

On the cross-examination of the plaintiff, he testified that he had paid only $50.00 for the repair of his automobile. As to the balance of $51.39, he testified that while he did not see the insurance company make such a payment to the company that repaired his automobile, "the car was fixed and released to me so I am sure that they did."

This statement evidently was the basis of the court's judgment for the plaintiff in this case in the amount of $50.00. However, the statement being based on an inference and not on knowledge does not furnish satisfactory proof that the Emmco Insurance Company had paid $51.39 or any amount on plaintiff's repair bill. Evidently the trial judge so considered it because otherwise the trial court could not have avoided rendering a judgment in favor of the insurance company for the amount paid by it.

The insurance company offered no evidence in support of the allegations of its cross-petition which were denied by McCrory and the trial court "in finding for the defendant, A. P. McCrory on the cross-petition of the Emmoco Insurance Company" must have found that the proof failed to show that the insurance company had paid any part of the repair bill.

How then stands the case? .

The plaintiff has by stipulation proved that his automobile was damaged by the collision in the amount of $101.39. The claim of the insurance company has been found by the court to be without merit. The fact that the plaintiff has only paid $50.00 on a repair bill does not limit the amount of his recovery. He would be entitled to recover his damages even if all the repair bill were still unpaid. Clearly the defendant is liable for the full amount of $101.39 or nothing.

If the judgment of the trial court is permitted to stand, neither the plaintiff nor the insurance company will have any further claim against the defendant for any amount and the defendant will have secured a complete release of an obligation to pay $101.39 by the payment of only $50.00. Clearly a court of justice should not be a party to accomplish any such result.

The insurance company is a proper but not a necessary party to this action. The courts generally hold that where the amount of the damages in a case of this kind exceeds the amount due on an existing policy of insurance, the party to bring the action is the owner of the automobile who is permitted to recover the full amount of his damages. The insurance company is also a proper but not a necessary party to the action when it has paid on its policy to the insured a part of the damages.

29 American Jurisprudence 1016:

"Under statutes providing that every action must be prosecuted in the name of the real party in interest, it is generally held that if the insurance paid by an insurance company covers only a portion of the loss, the insurer is not the real party in interest, but rather, the right of action against the wrongdoer who caused the loss remains in the insured for the entire loss, and the action must be brought by him in his own name."

See also, **Barnhill v Brown, 58 Oh Ap. 195.**

The plaintiff in this case, by the stipulation of the parties, proved that he was damaged by this collision in the sum of $101.39. The trial judge found that the collision was caused by the negligence of the defendant's driver, a finding which is sustained by the evidence. On this record, the plaintiff is entitled to a judgment for the amount of his damages of $101.39.

Accordingly this case is reversed, and the cause remanded with instructions that the trial court modify the judgment previously entered by it, by rendering a judgment for the plaintiff in the amount of $101.39. In all other respects the judgment is affirmed.

SKEEL, J., concurs. LEIGHLEY, J., dissents.