PERMANENT INS. CO. ET AL., APPELLANTS, *v.* COX, APPELLEE.

(No. 552—Decided March 10, 1955.)

*Mr. James P. Jones,* for appellants.
*Mr. Dan M. Aultman* and *Mr. Robert K. Schoecraft,* for appellee.

WISEMAN, J.   This is an appeal on questions of law from a judgment of the Common Pleas Court of Greene County entered on a verdict directed in favor of the defendant.

Plaintiff Rodgers, while driving his automobile on route 42 near Cedarville, collided with a horse owned by the defendant, which ran across the highway immediately in front of the plaintiff's automobile.   Plaintiffs alleged damage to the automobile caused by the collision, which it is claimed was due to the negligence of the defendant in allowing the horse to run up-

on the highway. It is alleged that plaintiff Rodgers was insured by the Permanent Insurance Company; that he had been paid his damages, except $50 deductible, according to the terms of the policy of insurance; and that the insurance company became subrogated to the rights of the insured. The insurance company joined as party plaintiff. Plaintiffs prayed for damages in the amount of $280.95.

The defendant filed an answer and cross-petition. The first defense was a general denial, and the second defense alleged that the collision was caused by the negligence of the plaintiff Rodgers. In her cross-petition the defendant claimed damages against the plaintiff in the amount of $500 by reason of the loss of the horse, alleging acts of negligence on the part of plaintiff Rodgers. Summons on the cross-petition was served on the insurance company, but no summons was ever served on the plaintiff Rodgers, the summons being returned "not found." A motion to quash the service of summons on the insurance company was sustained on the ground that it was not properly endorsed as to the amount claimed. No further service was attempted to be made on the insurance company.

The matter came on for trial before a jury. Before the jury was impaneled the court considered the motion filed by the plaintiffs to dismiss the defendant's cross-petition for want of service and for the reason that the two-year statute of limitations barred any claim of the defendant. The motion was sustained and exceptions taken. Replies in the nature of general denials were filed by plaintiffs after the two-year statute had run.

After calling the defendant for cross-examination, the plaintiff Rodgers was called to testify. After testifying relative to the manner in which the collision occurred and with respect to damages to his automobile, counsel for plaintiffs offered in evidence, after proper identification, the subrogation agreement signed by Rodgers in favor of the insurance company, which agreement the court admitted. Thereupon, the plaintiffs introduced an "automobile proof of loss" with "insured's release," signed by Rodgers, together with the itemized statement of the repairs to the automobile. Rodgers testified that the company had paid him all the damages to the automo-

bile except $50, which was deductible. At this point the record shows the following:

"Court: Where is the insurance company and the policy?

"Mr. Aultman: If you examine our answer, we just admitted that the insurance company was a corporation.

"Court: Before you can recover, you have got to have the insurance company here and the policy and have some evidence on it. We can't just suppose.

"Mr. Aultman: He can testify it was covered by insurance.

"Court: You have got to prove it. You have got to have the insurance company here. They are the real party plaintiff in this case. Unless you produce the policy, I am going to take the case from the jury.

"Mr. Aultman: That's all I've got is the subrogation.

"Court: If that's all you have got, that's the end of it. Ladies and gentlemen of the jury: This suit was instituted by the Permanent Insurance Company and the plaintiff who is on the stand. He has testified that he has been paid except for fifty dollars. The Permanent Insurance Company hasn't appeared. We haven't got the policy. There's nothing to show so far as the real evidence is concerned that there was a policy ever issued. Therefore, I am going to instruct the jury to return a verdict for the defendant. I will have the clerk bring in the verdict."

Plaintiffs, appellants herein, assign as errors: Error in directing verdict for defendant (a) for failure to introduce contract of insurance, (b) in ruling that the insurance company was the real party in interest, and (c) for failure of the insurance company to appear; and error in denying the plaintiff Rodgers the right to pursue his cause of action as the real party in interest.

While there are certain well-recognized exceptions (157 A. L. R., 1242), the general rule is: Where an action is brought by the insured against the wrongdoer to recover the entire loss, and where the insurance company paid the insured only a portion of the loss and the insurance company joins as party plaintiff to protect its right of subrogation, the real party in interest in such action is the insured. *Cox* v. *Cincinnati Traction Co.,* 35 C. D., 824, 32 C. C. (N. S.), 487 (motion to certify over-

ruled by the Supreme Court, November 28, 1922); *Croan* v. *Banner Ohio Transfer Co.*, 45 Ohio Law Abs., 52, 65 N. E. (2d), 910; *Northwestern Ohio Natural Gas Co.* v. *First Congregational Church of Toledo*, 126 Ohio St., 140, 148, 184 N. E., 512.

In the *Croan case*, the first paragraph of the headnotes is as follows:

"Where the amount of damages in an automobile collision case exceeds the amount due on an existing policy of insurance, the party to bring the action is the owner of the automobile who is permitted to recover the full amount of his damages; the insurer who has paid a part of the damages is a proper but not a necessary party to the action."

See, also, *Barnhill* v. *Brown*, 58 Ohio App., 188, 16 N. E. (2d), 478; *Hoosier Condensed Milk Co.* v. *Doner*, 96 Ohio App., 84, 121 N. E. (2d), 100.

In our opinion, the real party in interest was Rodgers, the insured. He had a right to pursue his cause of action independently of any rights of subrogation accruing in favor of the insurance company. The insurance company, being subrogated only to a part of the recovery, was not the real party in interest.

The insurance company did not fail to make appearance. It was a party to the suit, and appeared by counsel. The failure of the insurance company to appear, if true, could not deprive Rodgers of his right to proceed on his cause of action. 2 Ohio Jurisprudence (2d), 496, 501, Sections 1 and 4.

Was the failure of plaintiffs to introduce the contract of insurance fatal to their case? We do not think so. In *Schultz* v. *Meyerholtz*, 91 Ohio App., 566, 109 N. E. (2d), 35, the third paragraph of the syllabus is as follows:

"In a case brought by an insurer and insured against a defendant for damages suffered by the insured arising from negligence of the defendant, the defendant is not prejudiced by the failure of the insurer to prove a subrogation agreement, and a recovery may be had in the absence of proof of such agreement. (*Northwestern Ohio Natural Gas Co.* v. *Congregational Church of Toledo*, 126 Ohio St., 140.)"

The court in the *Schultz case* relied on the case of *Northwestern Ohio Natural Gas Co.* v. *First Congregational Church*

*of Toledo, supra*, where the factual situation was similar and the same legal proposition was urged as in the instant case. In that case the court gives the rationale for the controlling principle of law, and we quote at length from the court's opinion, beginning on page 144, as follows:

"The first question for determination relates to the matter of whether the judgment rendered in favor of the church and the insurance companies was proper.

"The insurance companies joined with the church as parties plaintiff in the case, claiming to have carried certain fire insurance policies on the church property, and asserting the payment of $124,948.71 on the loss sustained by the church.

"The insurance policies were not introduced in evidence. The only evidence given by a witness of payment consisted in the statement by a Mr. Charles A. Langdon that the insurance companies had paid a large amount to the church. No exact figure was specified. Instead, the following stipulation was made by and between counsel for the church and for the insurance companies:

" 'It is stipulated between the plaintiff, First Congregational Church, and the plaintiff, Insurance Companies in this case, that on February 5th, 1927, the plaintiff Insurance Companies carried insurance policies on the First Congregational Church buildings, and personal property therein in the amount and coverage as set forth in the petition, and that after the explosion and fire referred to in the amended petition, and before the commencement of this action, said insurance companies made payments to the First Congregational Church in the amount and on account of the damage by fire to the said First Congregational Church buildings, and personal property therein set forth in the amended petition.'

"The gas company now contends that since it did not admit the truth of the allegations of the petition in respect to insurance coverage and payments by the insurance companies, and since it did not join in the foregoing stipulation, it was necessary that strict proof be offered as against it to establish the truth of these allegations.

"Now the purpose and effect of joining the insurance companies in a proceeding of this nature has been clearly stated by

this court in the case of the *Lake Erie & Western Rd. Co.* v. *Falk and Phoenix Ins. Co.*, 62 Ohio St., 297, 56 N. E., 1020. The fourth paragraph of the syllabus held:

" 'In an action brought by the owner against the railroad company to enforce such liability an insurer, having before the termination of the action, made payment to the owner on account of such loss, should intervene for the purpose of being subrogated to the rights of the owner to the extent of such payment, and the amount recovered from the railroad company should be adjudged to the owner and the insurer according to their respective interests.'

"In the course of the opinion, on pages 306 and 307, it is said:

" 'It is true that the insurance company did not allege either that Falk had assigned the policy to it, or that by the terms of the policy it had reserved the right, upon payment, to be subrogated to the right of action of the insured against the company. Neither averment is required by reason or authority. The right of subrogation arises out of the relation of the parties to the subject of the action. *Liverpool & Great Western Steam Co.* v. *Phenix Insurance Co.*, 129 U. S., 397 [9 S. Ct., 469, 32 L. Ed., 788].

" 'Notwithstanding the prayer of the railroad company that the insurance company should be brought into the action, it is now contended that it should not have been permitted to intervene and to assert its right of subrogation in the action brought by the owner against the railroad company. But the subject of the action was the loss sustained in consequence of the destruction of the property. The object of the suit was to recover the value of the property from the party ultimately liable, and to apportion the proceeds of the judgment recovered between the injured parties according to their interests in the amount recovered. The recovery sought was for a single wrongful act and the railroad company could have objected with more force if it had been subjected to two actions by those interested in the recovery. This mode of asserting the rights of parties in the subject of a single cause of action, all being brought into the same suit and each asserting his own interest, is in conformity with the requirements of modern procedure.

*Swarthout et al.* v. *Chicago & Northwestern Ry. Co.*, 49 Wis., 625 [6 N. W., 314] ; [*Peoria Marine & Fire*] *Insurance Co.* v. *Frost*, 37 Ill., 333.'

''Discussing the same proposition, this court also said, in *Clark, Exr.*, v. *McClain Fire Brick Co.*, 100 Ohio St., 110, at page 118, 125 N. E., 877 : 'While in the above case the insurance company was nominally a defendant, yet it was to all intents and purposes a co-plaintiff, and the verdict was for the full value of the property, upon which verdict the court rendered judgment and apportioned the same between the owner and the insurance company.'

''Also, on pages 119 and 120 of the opinion, it is said: 'If the plaintiffs in this action are able to maintain the allegations of their amended petition by the evidence, they are entitled to a verdict and judgment for the full amount of the injury caused to this property by the wrongful acts of the defendant, and the court will apportion this judgment as was done in the case of [*Lake Erie & Western*] *Railroad Co.* v. *Falk et al.*, *supra*, by awarding to the executor such part thereof as may be necessary to pay the debts of the estate, and the residue to the owners. *School Districts* v. *Edwards et al.*, 46 Wis., 150 [49 N. W., 968], and *Seymour et al.* v. *Carpenter et al.*, 51 Wis., 413 [8 N. W., 251].'

''The right of recovery in this case as to all parties plaintiff depended upon the establishment of the claims of negligence. In this connection the rights of the insurance companies were in no wise superior to the rights of the church. Primarily, the purpose of their joinder in the case was to assert as against the church a right to a portion of any recovery had in favor of the church against the gas company.

''The stipulation offered had nothing to do with the maintenance of the charges of negligence. Direct testimony in support of these allegations, in the form of the insurance policies themselves, and evidences of payment thereunder, would have been equally inappropriate for such purpose. The object of the stipulation was to supply the court with information to enable it to adjust the rights of the church and the insurance companies in any recovery had against the gas company. With the matter of the division of any recovery had against it, the gas

company had no concern; and it is well settled that the bare fact of payment by the insurer on a loss sustained cannot and does not affect the assertion of a claim against a wrongdoer who has destroyed or injured property covered by insurance. *Mobile & Montgomery Ry. Co.* v. *Jurey,* 111 U. S., 584, 4 S. Ct., 566, 28 L. Ed., 527; *Cushman & Rankin Co.* v. *Boston & Maine Rd. Co.,* 82 Vt., 390, 73 A., 1073, 18 Ann. Cas., 708; *Long* v. *Kansas City, Memphis & Birmingham Rd. Co.,* 170 Ala., 635, 54 So., 62; *Farmers Mercantile Co.* v. *Seaboard Air Line Ry.,* 102 S. C., 348, 86 S. E., 678.

"While technically by the general denial in its answer the gas company controverted all allegations in the petition, including the ones pertaining to insurance, such denials were immaterial because in fact it had no interest in the matter of insurance.

"A different result might obtain in a case where a suit was being prosecuted by an insurer without any participation by the insured. The procedure adopted in the instant case, however, serves to fully protect the gas company, and it is difficult to see how it would be prejudiced thereby."

In the application of the principle of law laid down in that case to the pleadings and the evidentiary situation developed in the instant case, we conclude that the defendant was not and could not be prejudiced by the failure to introduce the contract of insurance. The court committed reversible error in directing a verdict for the defendant and entering judgment on the verdict.

Defendant, appellee herein, filed an assignment of error as follows: The trial court erred as a matter of law in dismissing defendant's cross-petition on the ground that service of summons had not been made on the plaintiff Rodgers, and that defendant's cause of action was barred by the statute of limitations. Plaintiffs, appellants herein, contend that the appellee was required to file a cross-appeal, if she desired a ruling of this court on this question. A cross-appeal was not required. The right of the appellee to file an assignment of error is controlled by Section 2505.22, Revised Code (formerly Section 12223-21a, General Code), which provides as follows:

"Assignments of error may be filed on behalf of an appel-

lee which shall be passed upon by a reviewing court before a judgment or order is reversed in whole or in part. The time within which assignments of error on behalf of an appellee may be filed shall be fixed by rule of court."

The enactment of Section 12223-21a, General Code, became effective September 21, 1945. Cases arising prior to the enactment of this section (*State* v. *Green,* 55 Ohio App., 239, 9 N. E. [2d], 625; *Jones* v. *Icenhower,* 44 Ohio Law Abs., 520, 63 N. E. [2d], 454) have no application. The case of *Adkins* v. *Addison* (1951), 63 Ohio Law Abs., 443, 99 N. E. (2d), 326 which held that errors urged by an appellee could not be considered in the absence of a cross-appeal, was correctly decided. The court points out that it was affirming the judgment. Consequently, this section had no application. The reviewing court is required to pass on assignments of error filed by the appellee only when the judgment is reversed in whole or in part. This court, reversing the judgment of the trial court, is required to pass on appellee's assignment of error. Under Section 2505.22, Revised Code, such assignment of error must be filed within the time fixed by rule of court. The time for filing is fixed by Rule VII with which appellee has complied.

Appellee contends that when a summons is quashed for lack of proper endorsement as to the amount claimed, the cause of action is commenced when a new summons is issued, citing Section 2305.17, Revised Code, and *Crabbe, Supt.,* v. *Jones,* 45 Ohio Law Abs., 443. In the case at bar no new summons was issued on which service was made as required by Section 2305.17, Revised Code. An alias summons was issued on Rodgers, properly endorsed, within two years after the cause of action accrued, but service was not completed. Had service been completed, even after the two-year statutory period had expired, the defendant, nevertheless, would have been entitled to assert her claim set out in her counterclaim. In *National Retailers Mutual Ins. Co.* v. *Gross,* 142 Ohio St., 132, 50 N. E. (2d), 258, the second paragraph of the syllabus is as follows:

"If a counterclaim is not barred by a statute of limitation at the commencement of the action in which it is pleaded, it does not become so during the pendency of that action."

In that case there was a strong dissenting opinion by Judge

Hart, but we are bound to follow and apply the principle of law announced by the majority. In the instant case the counterclaim was not barred at the commencement of the action and was not barred after the expiration of the two-year period had service of summons been made. Upon retrial of this case the defendant may present her counterclaim against Rodgers if summons is served. Under the state of the record, the court did not commit error in dismissing the counterclaim.

There being error in the record prejudicial to the rights of the plaintiffs, the judgment is reversed and the cause remanded for further proceedings according to law.

*Judgment reversed and cause remanded.*

MILLER, P. J., and HORNBECK, J., concur.