LION SECOR REAL ESTATE CO., INC., APPELLANT, *v.* WESTGATE VILLAGE SHOPPING CENTER, INC., ET AL., APPELLEES.

(No. 5636—Decided December 17, 1962.)

*Messrs. Hood, Howard & Howard,* for appellant.
*Messrs. Smith, Klein & Blumberg, Mr. James D. Nestroff, Mr. Harry Friberg,* prosecuting attorney, and *Mr. Ben Neidlinger,* for appellees.

FESS, J. This is an appeal on questions of law from a judgment of the Common Pleas Court dismissing the plaintiff's amended petition after sustaining a demurrer thereto.

Plaintiff brought its action against Westgate Village Shopping Center, Inc. (hereinafter referred to as "Westgate"), Sears Roebuck & Company (hereinafter referred to as "Sears"), and the Recorder of Lucas County seeking, in the main, an order directed to the recorder to expunge from the record of plats in his office a certain plat, acknowledged and filed by the corporate defendants herein, and to vacate the plat.

In its brief plaintiff summarizes the allegations of its petition as follows:

"Plaintiff is a corporation, defendants Westgate and Sears are corporations and the third defendant is the county recorder.
* * *

"Plaintiff states that, together with defendant Westgate, it entered into an elaborate plan for the construction, development and operation of the shopping center known as 'Westgate Village' on both the north and south sides of Central Avenue, just west of Secor Road, partly in Toledo and partly in Washington Township, set forth in written agreements, copies of which are attached to the petition.

"These written compacts commence with the provisions under which plaintiff purchased part of the land in Westgate Village from defendant Westgate; then go on to provide exten-

sive mutual and reciprocal covenants and warranties, appurtenant cross easements, rights of way, public and private driveways, conditions and restrictions as to areas to be used for specific and limited purposes, covenants permitting the erection of buildings in certain areas and prohibiting the erection thereof in certain other areas, covenants as to who may and may not lease from the owners and on what terms and conditions, sharing of paving costs, installation of sidewalks, underground plumbing, electric service and other utilities, treatment of landscaping, costs of repairs and maintenance of certain areas, division and pro-ration of taxes, installation of lighting fixtures, safety devices, removal of snow, ice, sleet, dirt and rubbish, erection of signs, policing, sharing of comprehensive premium costs of insurance against multiple risks. See Articles 5, 7, 10, 11, 12, 13, 14, 15, 16, 17, 19 and 20 of exhibit B.

"In the development of Westgate Village, that part south of Central Avenue is embraced in a plat known as Westgate Village, recorded in Vol. 55 of Plats, page 6, on February 1, 1956. That part north of Central Avenue consisted of the parcels described in paragraphs C. 4 and D. 4 of the deed (exhibit D), of which the latter parcel was included in the subject plat of Westgate Village Plat Two, but the former, which is contiguous to said plat on the east, was not included therein. * * *

"The plaintiff owns no fee simple interest in the land embraced in Westgate Village Plat Two. Nevertheless its estate in that parcel on the east side of the plat described in paragraph D. 4 of exhibit D embraces manifold rights, greatly in excess of the cross-easements involved.

"Plaintiff further alleges that by the act of platting and the dedication included in the plat, defendants Westgate and Sears have conveyed away a parcel of land in which plaintiff had extensive rights.

"Plaintiff then alleges that although paragraph 13 of the written agreement (exhibit B), as amended by paragraph 4 of the Supplemental Agreement (exhibit C), provides the permissible building area in the parcel D. 4 shall be no more than 130,000 square feet, the objectionable plat provides a building area of 149,443.7 square feet.

"Plaintiff prays the plat be expunged from the county record and defendants Westgate and Sears be permanently en-

joined from acts pursuant to platting, because plaintiff has no adequate remedy at law for such violations. The only adequate remedy is to vacate and expunge the plat which is the source and cause of plaintiff's injury.''

Throughout the petition plaintiff refers to certain exhibits attached thereto but not incorporated in the petition by reference. At the ouset it is observed that such exhibits are no part of the petition and may not be considered by the court in passing upon a demurrer thereto. It is regrettable that there appears to have arisen in this county a practice of attaching exhibits to pleadings, which is contrary to rules of pleading. Under the Ohio Code of Civil Procedure the only authority for attaching copies of instruments to pleadings in civil actions is found in Section 2309.31, Revised Code, in an action founded on an account or a written instrument as evidence of indebtedness. Copies of instruments other than those embraced in that section may be stricken. *Gwyne* v. *Jones,* 5 C. C., 298, 3 C. D., 148; *Village of Bowling Green* v. *Cincinnati, H. & D. R. Co.,* 10 C. C., 63, 4 C. D., 39; *Leedle* v. *Christie,* 15 C. C. (N. S.), 385, 24 C. D., 572.

The spirit of code pleading calls for brevity and conciseness; it does not, except in rare cases, tolerate the loading up of the pleadings with matters only evidential, that can be put in exhibits and by proper averments connected up with the pleading. *Wild* v. *Cadwalader,* 18 O. D., 565. Copies of instruments attached to pleadings and exhibits do not and cannot become a part of the pleadings, even though it is so stated therein, so as to cure defects and allegations made therein, or to aid them when attacked by demurrer because of their insufficiency, unless the action is one embraced within the provisions of Section 2309.31, Revised Code. Nor, on the other hand, can an exhibit be looked at to modify or defeat the effect of such averments as may be included in the pleading. *Hartzell* v. *Warren,* 11 C. C., 269, 5 C. D., 183. Therefore, the sufficiency of a pleading must be determined by its own allegations, unaided by the exhibit. *Menter & Rosenbloom Co.* v. *Gray,* Hosea 94; *Harshman* v. *Little Miami R. Co.,* Dayton 171. The authorities cited are nisi prius cases but lay down sound principles of pleading. See, also, 43 Ohio Jurisprudence (2d), Pleading, 46, 120, 124, 207, 228, 253, 293, Sections 33, 108, 111, 191, 218, 244, and 277.

The proper method of pleading in an action based on contract should aver in ordinary and concise language the making of the contract and the obligation thereby assumed, set forth so much of the contract as is essential to the plaintiff's cause of action and the breach thereof by setting forth the facts constituting the breach, and pray for judgment or other relief. Pleading verbatim specific provisions of the contract is permissible and sometimes necessary. 43 Ohio Jurisprudence (2d), Pleading, 104, Section 93.

Proceeding to analyze the allegations of the petition, disregarding the exhibits, we find, as indicated above, that the primary relief sought is to require the defendant recorder to expunge and vacate the recording of the plat on the ground that it was not eligible for recording without the acknowledgement of the plaintiff as an alleged owner of property included in the plat. In paragraph 11 of its petition, plaintiff alleges that it is one of the owners with the corporate defendants of the territory included in such plat; but in paragraph 14 it alleges that, although it is not the owner of the fee simple title to the land, it has all of the attributes, right and privileges of ownership and co-equal possession and enjoyment of the same, inseparable from the rights of defendants and subject only to the rights of the defendant Sears in the building areas included within that parcel of land, and that, by virtue of the agreements and terms of the agreements and conveyance hereinbefore recited, plaintiff has the duties and obligations of ownership jointly with the defendants herein in the described parcel. Construing these somewhat contradictory allegations liberally, as we are required to do, it cannot be held that as a matter of law the plaintiff is not such an owner as is contemplated by the provisions of Section 711.04, Revised Code. Nor can we determine at this stage of the case whether plaintiff, as an owner, is entitled to the relief sought against the defendant recorder.

Therefore, whether the plaintiff is entitled to the relief sought against the recorder or not cannot be determined as a matter of law. With regard to the other defendants, plaintiff, in general, alleges breaches of contracts, as a result of which plaintiff has suffered and continues to suffer irreparable damage for which it has no adequate remedy at law and seeks to enjoin such defendants from taking any action pursuant to the recording of such plat.

General allegations are ordinarily good as against demurrer; such defect must be reached by motion. *Cleveland, C., C. & St. L. Ry. Co.* v. *Tehan,* 4 C. C. (N. S.), 145, 150, 16 C. D., 457, citing *Davis* v. *Guarnieri,* 45 Ohio St., 470, holding that the fact claimed to have caused the injury being averred, it was sufficient to state that it was negligently done. See, also, *New York, C. & St. L. Rd. Co.* v. *Kistler,* 66 Ohio St., 326, holding:

"1. When the allegations of a pleading are so indefinite and uncertain that the precise nature of the charge or defense is not apparent, and a motion is made to require such pleading to be made definite and certain, it is error to overrule such motion.

"2. In an action founded upon negligence, the petition should state the acts of commission or omission which the plaintiff claims to have caused the injury; and that statement being made, it is sufficient to aver that such acts were carelessly or negligently done, or omitted."

It is hardly necessary to reiterate that for the purpose of testing the legal sufficiency of a pleading under demurrer, liberal construction requires a court to indulge every reasonable inference from the facts alleged. *Humphries* v. *Wheeling Steel Corp.,* 132 Ohio St., 263; *Gugle* v. *Loeser,* 143 Ohio St., 362; *Bell* v. *Salvation Army,* 172 Ohio St., 326.

The judgment of the Common Pleas Court is hereby reversed and the cause is remanded thereto for further proceedings according to law.

*Judgment reversed.*

SMITH, P. J., and DEEDS, J., concur.