MASTERS, APPELLEE, *v.* ALESSANDRO, APPELLANT.

(No. 2989—Decided October 22, 1965.)

*Messrs. Jacobson, Durst, Pollock & Jacobson,* for appellee.
*Mr. J. Gordon Rudd,* for appellant.

KERNS, J.  This is an appeal on questions of law from a judgment of the Dayton Municipal Court.

The plaintiff's petition sets forth three causes of action. The trial court found in favor of the defendant as to the first and third causes of action, and entered judgment in favor of the plaintiff in the amount of $1,714 on the second cause of action which was allegedly for rent due under a lease agreement.

In the present appeal, the defendant-appellant contends that "the judgment is contrary to law as it was awarded to the plaintiff-appellee without any evidence in support thereof and is manifestly against the weight of the evidence."

In the absence of any supporting evidence, the judgment in this case falters noticeably, and the plaintiff candidly admits that "no evidence was offered in open court."

In defending the judgment, the plaintiff relies rather upon what is described in his brief as "* * * an understanding, tantamount to a stipulation, although not in the record, that plaintiff was to recover judgment against defendant * * *."

We are, of course, bound by the record from the trial court, and in the absence of any evidence, or of anything else which might reasonably be identified as a stipulation of the parties, the error assigned by the defendant-appellant is well-made, and the cause must be remanded to the trial court for the presentation of evidence in the traditional manner.

Under the authority of Section 2505.22, Revised Code, the plaintiff-appellee has also set forth an assignment of error. See *Permanent Ins. Co.* v. *Cox*, 99 Ohio App. 389. Such assignment of error, as stated by the plaintiff-appellee, is that "the judgment is contrary to law as it was awarded to defendant-appellant on the first and third causes of action, without any evidence thereon." The record amply supports the plaintiff-appellee's contention that no evidence, as such, was presented to justify the summary disposition of the first and third causes of action. The sufficiency of a pleading must be determined by its own allegations, unaided by attached exhibits. See *Lion Secor Real Estate Co., Inc.*, v. *Westgate Village Shopping Center, Inc.*, 117 Ohio App. 96. And a trial court may not take judicial notice of a former action, whether in the same or another court. *Myers* v. *State*, 46 Ohio St. 473; *Bachtel* v. *Bachtel*, 97 Ohio App. 521 and cases cited therein at page 527. See also 21 Ohio Jurisprudence (2d) 74, Section 61. Hence, the plaintiff-appellee's assignment of error is also well made.

The judgment will be reversed and the cause remanded to the trial court for further proceedings according to law.

*Judgment reversed and cause remanded.*

SHERER, P. J., and CRAWFORD, J., concur.