## JONES, Admr'x. *v.* JONES.

A part payment of a note by the maker, if there be nothing to vary or control it, is evidence from which it is the duty of the jury to find a new promise to pay the note, under a plea of the Statute of Limitations.

To a suit brought by an administrator, the defendant cannot set off a demand against the intestate, unless it has been exhibited to the administrator within two years from the grant of administration.

A party's book of accounts consisted merely of entries made by him upon loose sheets of paper. *Held*, that the entries could not be presumed to have been his daily minutes of his transactions and business, and that the book was not competent evidence.

In a suit by an administrator, the defendant proved that the intestate had said, that the mill-account between them ought to be settled, and then offered to prove that he had such an account, but did not offer any evidence of the services and articles charged, or that the intestate knew of the existence or contents of the account produced. *Held*, that the evidence of the account was incompetent.

The intestate, the defendant, and others jointly owned a saw-mill, and the defendant produced his book, upon which were certain charges against the saw-mill, and contended, that this being the only account produced, the jury might infer that this was the one to which the intestate referred when he said the mill-account ought to be settled, although he did not prove that the mill-owners were partners, or that he was their agent, or that the intestate authorized the repairs charged in the account. *Held*, that the book was inadmissible.

ASSUMPSIT on a promissory note, dated November 16th, 1825, for $131, payable to W. Jones or order, on demand, with interest.

The defendant pleaded the general issue, with a brief statement of the Statute of Limitations, and a notice of set-off.

The note had the following indorsements : August 29, 1829, received $8 ; October 2, 1833, received $12 ; August 12, 1837, received $30 ; July 20, 1840, received $65 ; June 18th, 1842, received $25.

William Jones died in August, 1845, and administration was granted to the plaintiff on the 2d of September, 1845. The writ is dated on the 22d of April, 1848.

It appeared that the three last indorsements were in the defendant's handwriting. The Court directed the jury, that the indorsements were evidence, from which they might infer a new promise to pay the note ; and if that evidence was not varied or

controlled by other proof, it was their duty to draw such inference. To this direction the defendant's counsel excepted.

The defendant's counsel then offered, in proof of his set-off, a single sheet of paper folded into four leaves, containing certain charges against the owners of the mill in which the parties were interested, and no other charges; and offered to prove, that it was a copy of original entries, made by the defendant on loose sheets of paper, which are now lost; and contended, that upon this evidence, the book was admissible, with the oath of the party, as evidence of the articles charged; but the court rejected the evidence.

The defendant, having introduced evidence tending to prove that the intestate, a short time before his decease, in conversation with the defendant, said that the mill-account between them ought to be settled, and he intended to have it settled, but was not prepared to do it then, offered to prove, that the defendant had such mill-account, and produced such an account, and contended, that he had the right to give such account in evidence, without any other proof of the articles and services charged, and without further proof that the intestate had any knowledge of the existence or contents of the account so produced; but the court rejected the evidence.

The defendant then introduced a book, which he proved by his oath to be his book of original entries, and that the charges were entered by him, about the time they purport to be made. On this book were various charges in this form:

" Saw-mill                                                Dr.
    to making little gate and finding stock             $1.00,"

and there was evidence, that the intestate and defendant and others were joint owners of a saw-mill; and the defendant's counsel contended, that these charges were evidence against the intestate, without further evidence; that the mill-owners were partners, or that the defendant was agent of the other owners, or that the intestate had ever authorized the repairs charged for, and without showing, who were the whole of the owners, or what were their shares; and that it was competent for the jury to infer, from the production of this account and the absence of any proof

of any other account, that this was the account to which William Jones referred when he said that the mill-account between them ought to be settled, and he intended to have it settled. But the court held the evidence inadmissible.

The defendant offered to prove his account against the' intestate, beginning in 1839, and ending in 1845. The plaintiff objected, that the account could not be allowed as a set-off, unless it was shown that the claim was presented to the administratrix before the action was commenced. It was admitted, by the defendant, that he had no evidence of any such presentment. The court thereupon ruled, that the set-off could not be allowed. To this ruling the defendant's counsel excepted.

The jury found a verdict for the plaintiff, for the balance of the note sued and interest ; and the defendant moved that the verdict be set aside by reason of the exceptions.

*Hobbs & Sanborn, N. & G. N. Eastman,* for the defendant.

1. The statute of 1822, (N. H. Laws, 338, § 18, ed. 1830,) provides, that no action can be sustained against an administrator, if commenced within one year, nor unless the demand was exhibited to the executor or administrator, nor unless exhibited within two years, whether payable or not.

2. The defendant contends, that he might file his claim in set-off, though he could not sustain an action thereon. N. H. Laws, 79, (ed. 1830.)

3. The demand was extinguished by the act of 1822, as it would have been by the act of 1789, (N. H. Laws, 207, § 18 ;) consequently, *Gookin* v. *Sanborn et al.,* 3 N. H. Rep. 491, and kindred cases do not apply. Any other construction of the statute of 1822, (N. H. Laws, 338, § 18,) might operate to give the administrator great advantage.

4. The defendant submits, whether the indorsement by the defendant is a fact from which the jury might infer a new promise to pay.

*R. & W. A. Kimball,* (with whom was *Christie,*) for the plaintiff.

GILCHRIST, C. J. The last three indorsements on the note having been made by the defendant, the court instructed the jury, that they were evidence from which a new promise to pay the note might be inferred, and that it was the duty of the jury to draw that inference, if the evidence were not varied or controlled by other proof. In *Roseboom* v. *Billington*, 17 Johns. 182, it was held, that proof of an indorsement upon a note made at a time when its operation would be against the interest of the party making it, would be evidence for the consideration of the jury. In the case of the *Utica Ins. Co.* v. *Kip*, 3 Wend. 373, *Savage*, C. J., was inclined to think, that an indorsement upon a note was sufficient to take it out of the statute. In the *Exeter Bank* v. *Sullivan*, 6 N. H. Rep. 134, it is said to be well settled, that an acknowledgment of a subsisting debt which the party is liable and willing to pay, in general amounts to evidence of a promise which may take an action out of the statute; and that a payment in part is, in general, considered as amounting to such an acknowledgment. At the present day there is probably little difference of opinion on this point, and there can be as little doubt that it is the duty of the jury to find the new promise, if there be nothing to control the evidence. If a partial payment be evidence of a debt which the party is liable and willing to pay, and there be nothing to qualify the evidence, the jury cannot, without a violation of their oaths, return a verdict against the evidence, and find that there was no promise. We think the instruction of the court was correct.

It is argued by the defendant, that this debt may be set off, notwithstanding the provision in the statute, that the demand should be exhibited within two years from the original grant of administration to the executor or administrator. But the debt proposed to be set off is like any other debt against an administrator. It acquires no new qualities by being made to assume the shape of a set-off. It is merely a cross demand. The provisions of the statute can no more be dispensed with than can those of the Statute of Limitations, and a debt barred by the Statute of Limitations cannot be set off. *Cranch* v. *Kirkman*, Peake, 121. The statute provides, that no demand shall be

pleaded by way of set-off which was not justly due and accruing to the party pleading it at the time of the plaintiff's commencing his suit. (N. H. Laws, 79, ed. of 1830.) And a similar provision exists in the Revised Statutes, 338, § 10. There is no reason for dispensing with the necessity of a presentment here, which would not exist in any other case, and the ruling of the court was correct.

The written evidence of the defendant's charges falls far short of what the law requires. The paper produced was a copy, and the original was lost; but the original would have been incompetent evidence, if produced, for it consisted merely of entries made by the defendant on loose sheets of paper. It has been held, that the charges in the handwriting of the party must appear in such a state that they must be presumed to have been his daily minutes of his transactions and business. *Eastman* v. *Moulton*, 3 N. H. Rep. 157. These loose sheets of paper by no means come up to such a standard. We cannot presume, that the transactions and business of a person are recorded in such a manner, and we think the evidence was properly excluded.

The case finds, that the intestate said, the mill-account between himself and the defendant ought to be settled. The defendant then offered to prove, that he had such an account, and produced one, but offered no evidence of it, and contended, that it was evidence in itself. It is unnecessary to say more on this point, than that the court could not have done otherwise than exclude it as evidence.

The case also finds, that the intestate, the defendant, and others jointly owned a saw-mill, and that the defendant produced his book, upon which were certain charges against the saw-mill; but he did not prove, that the mill-owners were partners, or that he was their agent, or that the intestate authorized the repairs, or who were the owners, or what were their shares. The position of the defendant is, that this being the only account produced, the jury may infer that this was the account the intestate referred to, when he said that the mill-account ought to be settled. No person but the defendant had any interest in producing a mill-account. Admitting that this was the account referred to

by the intestate, his statement was at most an admission that some mill-account existed. It does not admit that he owed any balance, or the items on either side. But the statement is not specific enough to show that this was the account. It is entirely indefinite and inadmissible, and was properly excluded.

*Judgment on the verdict.*