## ROLLINS v. HORN.

When there are mutual accounts between the parties, and the plaintiff brings suit on his claim, and the defendant files his account in offset, the plaintiff may plead the statute of limitations to this offset; but only so much of the defendant's account will be barred by the statute as had accrued more than six years prior to the date of the plaintiff's writ.

ASSUMPSIT. The defendant filed in set-off a claim which was not barred by the statute of limitations at the commencement of this suit, but which would have been barred at the time the set-off was filed, if this suit had not been brought. The court reserved the question whether the commencement of this suit could operate to prevent the set-off being barred.

*Batchelder,* for the plaintiff, cited and commented on Saund. Pl. & Ev. 861, 866, 873; 2 Pars. on Cont. 248, 249, sec. 2; 3 Chit. Pl. 923, 931; 2 Stra. 1271; *Chase* v. *Strain,* 15 N. H. 535; *Jones* v. *Jones,* 21 N. H. 219.

*Hill,* for the defendants, cited and commented on Bull. N. P. 180; Comp. Stat., ch. 199, secs. 6, 12; Chit. on Con. 847; 1 Chit. Pl. 572, 575; *Carpenter* v. *Butterfield,* 3 Johns. Cas. 145; *Bank* v. *Chapin,* 19 Johns. 322; *Knapp* v. *Lee,* 3 Pick. 452; *Call* v. *Chapman,* 25 Me. 138; *Varney* v. *Brewster,* 14 N. H. 49; *Edgerly* v. *Emerson,* 4 N. H. 147; *Toppan* v. *Jenness,* 21 N. H. 232; *Wilmot* v. *Swasey,* 4 N. H. 235.

SARGENT, J. A set-off was first authorized by the 2 Geo. II., (ch. 22, sec. 13); and this law was made perpetual by 8 Geo. II., (ch. 24, sec. 4), as modified by section 5 of the latter act. By this law it was provided that where there are mutual debts between the plaintiff and defendant, one debt may be set off against the other, although such debts are deemed in law to be of a different nature, except when one debt accrues by reason of a penalty contained in any bond or specialty.

Under this statute it was held that where the defendant pleads a set-off, the plaintiff may reply the statute of limitations; but if both the demands of the plaintiff and defendant accrued more than six

years before the time of pleading, and the plaintiff issued process to prevent the statute of limitations affecting his demand, it will equally prevent the statute from barring the defendant's set-off, although the latter issued no process. *Ord* v. *Ruspine,* 2 Esp. 569; 1 Chit. Pl. 575.

Our statute provides that "if there are mutual debts or demands between the plaintiff and defendant at the time of the commencement of the plaintiff's action, one debt or demand may be set off against the other." Rev. Stat., ch. 187, sec. 4; Comp. Stat. 483.

Our statute was evidently intended to have the same force and effect as the English statute had been held to have before; and we can not doubt that if, upon the bringing of the plaintiff's suit, the defendant, having a proper demand to file in offset, shall elect thus to file it instead of bringing a suit upon it as he might; and does in fact so file it at the earliest opportunity, such offset would not be barred by the statute of limitations, although it had run more than six years at the time of filing it, provided it was not barred at the date of the plaintiff's writ.

The offset in this case was, therefore, properly allowed.