Grafton, }
Dec., 1895. }

## JOHNSON v. WHITE MOUNTAIN CREAMERY ASSOCIATION.

68  437
68  423

68  437
72  132

Damages that accrue to the defendant from the transaction out of which the plaintiff's cause of action arises may be recouped.

If the defendant's damage is greater than the amount due to the plaintiff, he is entitled to judgment for the balance.

ASSUMPSIT. The writ contains a special count on a contract for the plaintiff's services for one year from May 1, 1894, of which the alleged breach was his discharge January 1, 1895, and also general counts under which the plaintiff specified a claim for $260 as a balance due for labor. The plea was the general issue, with a brief statement setting up in recoupment the loss of $457.60 through the plaintiff's negligence and his disobedience of the defendants' orders. Facts found by a referee.

In April, 1893, the defendants employed the plaintiff as a butter maker and general manager of their business of butter making at a salary of $700 a year in case he should be retained in their employ for a full year; and if not, he was to be paid $2.50 per day for the time he worked. He entered upon his duties May 1, 1893, and served continuously until January 1, 1895. There is due to him $185.67 on account of his wages for the year ending April 30, 1894. After the expiration of the first year, the defendants agreed with him to continue him in their employ from May 1, 1894, in the same capacity, and to pay him at the rate of $650 per year, reserving to each party the right to terminate the contract on reasonable notice to the other. The defendants gave the plaintiff reasonable notice and discharged him January 1, 1895. The sum of $6.83 is due the plaintiff on account of his wages since May 1, 1894. In June, 1894, the defendants were damaged to the amount of $457.60 by the plaintiff's negligence and disobedience of the defendants' directions. The referee ruled that the defendants were entitled to recoup their damages to the extent of the whole amount ($192.50) due to the plaintiff, and made a general finding in their favor. The plaintiff excepted, and moved for judgment on the report for $185.67. The defendants moved for judgment for the remainder of their damages after deducting the sum found due to the plaintiff.

*George H. Bingham*, for the plaintiff. The action is assumpsit to recover certain balances due the plaintiff as wages. The case finds that the parties made two distinct and independent contracts; that there is due the plaintiff for services rendered under

the first contract $185.67, and under the second contract $6.83.; that during the second contract of service the defendants, through the negligence and disobedience of the plaintiff, lost $457.60, which sum the defendants seek to recoup against the balances due the plaintiff under both contracts. The plaintiff moves for judgment for the sum of $185.67, claiming that the defendants can recoup only $6.83, that being the balance due the plaintiff under the second contract, under which the damage complained of arose.

It is a well settled doctrine that the remedy of recoupment is allowed only where the damages sought to be recouped grow out of the very contract or transaction upon which the plaintiff's claim is founded; that if the damage arise out of an independent contract or tort they cannot be recouped. *Demming* v. *Kemp*, 4 Sandf. 147; *Fessenden* v. *Forrest Co.*, 63 Me. 175; *Bartlett* v. *Farrington*, 120 Mass. 284; *Knitted Mattress Co.* v. *Griggs*, 154 Mass. 5; *Phelps* v. *Paris*, 39 Vt. 511.

The doctrine is based upon the theory of a failure of consideration, hence the requirement that the damages sought to be recouped should arise out of the same contract. Its chief essentials, as applied to contracts, are, that the defendant's damages arise out of the same contract; they may be liquidated or unliquidated; but the defendant can recover nothing in excess of the balance due the plaintiff thereunder. Under the statutory methods of set-off, damages arising out of independent contracts are considered; the damages, however, must be liquidated; and the defendant can recover any excess. To allow the defendants' claim for damages against the balance due the plaintiff under the first contract would be to enlarge the common-law doctrine of recoupment to that of set-off. *Ward* v. *Fellows*, 3 Mich. 281; *Batterman* v. *Pierce*, 3 Hill 171; *Still* v. *Hall*, 20 Wend. 51; *McHardy* v. *Wardsworth*, 8 Mich. 349; *Elliot* v. *Heath*, 14 N. H. 131; *Union Bank* v. *Blanchard*, 65 N. H. 21.

*Bingham, Mitchell & Batchellor*, for the defendants.

CARPENTER, J. Damages that accrue to a defendant from the transaction out of which the plaintiff's cause of action arises may be recouped. *Cole* v. *Colburn*, 61 N. H. 499; *Simonds* v. *Cross*, 63 N. H. 123. The doctrine of recoupment is in general applicable whenever in the trial of the plaintiff's action an investigation of the facts on which the claim of the defendant depends is necessary. The law does not compel parties to bring two actions when with equal convenience their rights can be settled in one.

The employment of the plaintiff by the defendants as the manager of their business, and the rendition of his services in that

capacity from May 1, 1893, to January 1, 1895, constituted a single transaction within the meaning of the rule. The plaintiff's action is brought to recover for services rendered during that time, and the damages sought to be recouped are the direct result of his negligence and disobedience in performing them. The duties of the plaintiff were not affected by the change of his compensation or other modification of the contract. The legal aspect of the transaction, so far as the present question is concerned, is the same as it would have been if the terms of his employment after May 1, 1894, had been agreed upon in the first instance.

The question of the damage caused to the defendants by the plaintiff's negligence was necessarily tried. There is no suggestion that the plaintiff was not accorded as thorough and fair a trial, that he was not as fully and satisfactorily heard by his witnesses and counsel, as he could have been in an independent action brought against him by the defendants for the same cause. The only objection to a recovery by the defendants of the balance found due to them after satisfying the amount due to the plaintiff, rests upon the form of the proceeding in which the trial was had. Objections of this character the court does not stop to consider. When on a full and fair trial the merits of a controversy have been determined and the only objection is to the form of procedure, the prevailing party is permitted to file any amendment of his pleadings that may be necessary to obviate the objection, and thereupon to take judgment. *Clark* v. *Clark*, 62 N. H. 267, 272; *Cushing* v. *Miller*, 62 N. H. 517, 527; *Fitch* v. *Nute*, 62 N. H. 700; *Cole* v. *Gilford*, 63 N. H. 60; *Peaslee* v. *Dudley*, 63 N. H. 220; *Smith* v. *Hadley*, 64 N. H. 97; *Sleeper* v. *Kelley*, 65 N. H. 206. To entitle the defendants to judgment for the balance of their damages, no amendment is necessary. Their cause of action is fully set forth in their brief statement. It contains no prayer for a judgment for the balance due to them. If in this particular it is defective, it may be now amended. Ordinarily it is the duty of the court to render such judgment as upon the whole record the law requires, without regard to any request or want of request therefor. *Kittredge* v. *Emerson*, 15 N. H. 227, 239; *Rochester* v. *Whitehouse*, 15 N. H. 468, 474; *Le Bret* v. *Papillon*, 4 East 502.

Cross-actions in cases of this kind, especially when separately tried, entail a needless expense. They depend to a large extent, if not altogether, upon the same evidence, and in our practice usually are, as they always ought to be, tried together. In such a trial, the second action in most cases serves merely to confuse the issues and perplex the jury. In *Cook* v. *Castner*, 9 Cush. 266, two actions, one for deceit of the vendor in the sale of a vessel and the other in assumpsit for the unpaid part of the pur-

chase money, were tried together. The jury were directed (*p.* 277), "first, to find whether any fraud had been practiced by the sellers of the vessel, and if so, what were the damages. . . . If it equaled or exceeded the balance due for the purchase, then the defendants in this action would be entitled to a general verdict, and, as plaintiffs in the other action, be entitled to a verdict for the excess, if any. If damage was sustained, but less than the balance of the purchase, it would go in reduction of the amount due the plaintiffs for the purchase, and they would be entitled to a verdict in this suit for the difference, and, as defendants, to a general verdict in the other action." If the defendants in the first action had pleaded their claim for the balance of the price in recoupment, the issues would have been less complicated and more conveniently tried. The jury would have been told to find the amount due the defendants for the purchase money, whether they practiced any fraud, and if so, the damages thereby caused to the plaintiff, to return a verdict for the defendants if these sums were equal, and if not, for the difference in favor of the party entitled to the larger sum.

The impression that the defendant who pleads his demand in recoupment cannot have judgment for the excess found due to him over the amount he owes to the plaintiff rests upon a *dictum* of *Parker, J.,* in *Britton* v. *Turner,* 6 N. H. 481, 495. The question was not there and never since has been judicially considered. In *Union Bank* v. *Blanchard,* 65 N. H. 21, the question whether the defendant could recover the balance of his damages set up in recoupment did not arise. He tendered the plaintiffs, and practically paid into court, $607.28, thereby admitting that sum to be due to them after the damages which he sought to recoup were allowed to him, and, as the court there say (*pp.* 22, 23), "the only question tried or that could be tried under the pleadings was . . . whether anything more was due." The plaintiffs were entitled to the full amount tendered, although it proved to be a larger sum than was due to them. What is there said, after the language quoted, so far as regards the law of this state, is merely a repetition of the *dictum* in *Britton* v. *Turner.*

*Judgment for the defendants for* $265.10.

All concurred.