Hillsborough,
Dec. 7, 1937.

ARCADIA KNITTING MILLS, INC.

*v.*

ELLIOTT MANUFACTURING CO.

*McLane, Davis & Carleton* and *George F. Nelson* (*Mr. Carleton* orally), for the plaintiff.

*Sullivan & Sullivan* (*Mr. Thomas E. Dolan* orally), for the defendant.

MARBLE, J. The only damages which are available for recoupment are those which accrue to a defendant from the contract or transaction out of which the plaintiff's cause of action arises. 57 C. J. 396, 397. See also *Johnson* v. *Association*, 68 N. H. 437, 438, and cases cited. The present case differs essentially from that of *Flanders* v. *Putney*, 58 N. H. 358, which is cited in the defendant's brief, for the defendant here alleges no single comprehensive agreement covering the sales and deliveries in question. On the contrary, the situation presented by the pleadings is that of a series of independent and distinct transactions, and the plaintiff does not now, and did not in the earlier action, seek recovery for the order of August 24, which is the basis of the defendant's claim. The question is of slight practical importance, however, for the broad principles of equitable set-off, on which the defendant chiefly relies, are applicable to the case.

The right of set-off was unknown to the common law (*Dole* v. *Chattabriga*, 82 N. H. 396, 397, and cases cited), and plaintiff's counsel are correct in their contention that under our statute governing that right (P. L., c. 335, ss. 7-13) a claim for unliquidated damages cannot be maintained. *Derry Loan &c. Co.* v. *Falconer*, 84 N. H. 450, 454, and cases cited. Courts of equity, however, recognized the right of set-off long before "common law statutes of set-off" were passed. 34 Harv. Law Rev. 178, 179. The power of a court of equity to allow a set-off is therefore independent of these statutes; it has not been taken away by their enactment, and it is not affected by their repeal. 57 C. J. 361, 362. See also *Hovey* v. *Morrill*, 61 N. H. 9, 12.

The doctrine of set-off "is more flexible in equity than in law" (*Bromfield* v. *Company*, 36 Fed. (2d) 646, 649), and "Courts of Equity will extend the doctrine. . . beyond the law in all cases where peculiar equities intervene between the parties." 3 Story, Eq. Jur. (14th *ed.*), s. 1875. To the same effect, see Bispham, Prin. of Eq. (10th *ed.*), s. 27; Loyd, "The Development of Set-off," 64 Univ. of Pa. Law Rev. 541, 550, and cases cited. One of the many circumstances which demand this extension is "the non-residence of the party against whom the set-off is asserted." *North Chicago &c. Co.* v.

*Company*, 152 U. S. 596, 617, and cases cited. The equitable ground for the allowance in such case of a set-off not authorized by statute is the hardship the defendant would undergo by being compelled to pursue his remedy in a foreign jurisdiction. 24 R. C. L. 807, citing Note, 19 Ann. Cas. 1042.

Accordingly, it has been held that in a suit upon a contract, brought by a non-resident, the defendant will be allowed in equity to set off a claim for unliquidated damages growing out of the breach of an independent contract between the same parties. *Ewing-Merkel &c. Co.* v. *Company*, 92 Ark. 594. Authorities supporting this doctrine are collected in the note to the above cited case, 30 L. R. A. (N. S.) 21. It is "the more widely prevailing modern view." 2 Lawrence, Eq. Jur., *s.* 1078. The demurrer was properly overruled.

The defendant's exception to the allowance of an amendment to the specification has been considered on the assumption that since the exception is referred to in the plaintiff's bill of exceptions, the court intended to transfer, in advance of a possible trial, the question of law raised thereby. It was within the discretion of the trial court to permit the plaintiff to add the interest items to its specification. *Bacon* v. *Thompson*, 87 N. H. 270. Whether the interest so charged can be recovered may depend on various facts as to demand, agreement, or usage of trade which have yet to be found. *McIlvaine* v. *Wilkins*, 12 N. H. 474; *National Lancers* v. *Lovering*, 30 N. H. 511; *Thompson* v. *Railroad*, 58 N. H. 524; 33 C. J. 198.

*Case discharged.*

All concurred.