Rockingham, }
Dec. 4, 1951. }   No. 4071.

KURT HELLBERG & a.

v.

JAMES D. NORRIS & a.

*George R. Scammon* (by brief and orally), for the plaintiffs.

*William H. Sleeper, Robert Shaw* and *Wayne J. Mullavey* (*Mr. Mullavey* orally), for the defendants.

KENISON, J.   Since in this state a landlord has no right to seize the tenants' property for nonpayment of rent, the plaintiffs in this case followed the normal procedure by attaching the defendant tenants' property to secure any judgment that might be recovered. *Standish* v. *Moldawan*, 93 N. H. 204, 206.   It appears from the reserved case that the plea of recoupment filed by the defendants

constitutes "a claim they have been damaged by the action brought by the plaintiffs, on this lease . . . ." To the extent that the gravamen of the plea of recoupment is malicious prosecution, it was correctly denied. Before one can maintain an action for malicious prosecution, the original proceedings must have terminated in his favor. Restatement, Torts, s. 674 (b). To the extent that the plea of recoupment is predicated upon malicious abuse of process (*Friel* v. *Plumer*, 69 N. H. 498), it was permissible only if it could be found that "equity and justice required" it. *Klein* v. *Bronstein*, 91 N. H. 42, 43. If "special circumstances exist which entitle the defendant to equitable relief" (*Vernon Corp.* v. *Granite &c. Co.*, 93 N. H. 315, 316) a plea of equitable set off or recoupment is permitted. *Lovejoy* v. *Ashworth*, 94 N. H. 8, 10. The plea has frequently been allowed where one of the parties is a nonresident. *Arcadia Mills* v. *Company*, 89 N. H. 188; *Lehigh &c. Co.* v. *Company*, 89 N. H. 274, 276.

The Trial Court has found that the tenants' plea of recoupment should not be allowed in this action. It is clear that the disallowance of the plea was not a technical ruling on pleading (*Cf. Soble Inc.* v. *Company*, 96 N. H. 279) but in effect was a determination that the tenants' claims could not be adjudicated conveniently in this action. The ruling was proper on this record and is supported by authority elsewhere. See *Bach* v. *Quigan*, 5 F. R. D. 34; *Park Bridge Corp.* v. *Elias*, 3 F. R. D. 94; *Gabriel* v. *Borowy*, 324 Mass. 231.

*Exception overruled.*

All concurred.