**Rubye A. HANKERSON, Appellant,**

v.

**Dr. Riley F. THOMAS, Appellee.**

No. 2264.

Municipal Court of Appeals for the District of Columbia.

Argued Nov. 18, 1958.

Decided Feb. 24, 1959.

Rehearing Denied March 16, 1959.

Garfield C. Thompson, Washington, D. C., for appellant.

George G. Jefferson, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

PER CURIAM.

Appellee, a physician practicing his profession in the District, sued appellant for medical services rendered her. The latter defended on the ground that the services were not furnished at her request and that the amount claimed was not reasonable. After trial by the court a judgment was entered against appellant for the amount claimed; she appeals.

According to the statement of proceedings and evidence, appellee testified that he is a licensed physician affiliated with Freedmen's Hospital and for more than twenty years has been an instructor at Howard University medical school. He was visited in his office at the hospital by appellant and her attorney, they having been referred to him by appellant's family physician. He gave her a physical examination and advised her that several tests would have to be made and that she would have to be hospitalized for the same. Appellee ordered the tests, held consultations with several other physicians in various departments of the hospital, and proceeded to treat appellant. X-rays were taken at his direction and appellant remained in the hospital and was treated by him as his private patient for approximately four months. After she had been in the hospital for four or five weeks, appellee sent her a bill at a weekly rate; additional bills were sent her after she left the hospital and no objection was raised as to the charges until after suit was filed. After leaving the hospital appellant returned to his office for treatment on two occasions. Appellee also testified that the amount of his bill was fair and reasonable.

Dr. Frank Turner, testifying on behalf of appellee, stated that he is a licensed physician; that he treated appellant in his professional capacity; that after several visits he concluded she was not improving, advised hospitalization, and recommended that she consult appellee; that he was paid for his services by appellant and that from time to time he consulted with appellee relative to appellant's condition.

Appellant substantially confirmed the testimony adduced on behalf of appellee; she testified however that she did not understand she was supposed to pay appellee for his services. She offered no evidence to disprove the reasonableness of the charges.

The relation of physician and patient is a consensual one depending on the physician's acceptance of the patient and the latter's assent to the medical services. The existence of such a relationship is a question of fact. The record shows that appellant was referred to appellee by her family physician; that she accepted his services and received his bills without protest. The court was justified in concluding that the services were rendered under an implied contract. As to appellant's second contention, the value of a physician's services is also a matter to be determined by the trier of the facts. The court was justified in finding that the amount claimed was not unreasonable.

Affirmed.