Carroll,
No. 5767.

LOUISE VARNEY & a.

v.

GENERAL ENOLAM, INC. & a.

Submitted May 7, 1969.
Decided September 30, 1969.

*Cooper, Hall & Walker,* for the plaintiffs.

*James J. Kalled,* for the defendant.

LAMPRON, J. Action instituted by plaintiffs against both defendant corporations to recover an unpaid balance of $12,415.51 for labor and materials furnished for the improvement of a factory in Wolfeboro owned by General Enolam Inc. and occupied by Malone Knitting Company. Defendant Malone filed a counterclaim alleging that all the work and materials furnished by the plaintiffs were contracted solely by General Enolam and installed on land and buildings owned by it. Malone further alleges that plaintiffs, in pursuance of their claim, wrongfully caused to be attached Malone bank deposits and personal property. Malone also alleges that this abuse of process and other oppressive acts enumerated in its counterclaim caused damages in the sum of $100,000 and requested a jury trial.

Plaintiffs filed a motion to dismiss defendant Malone's counterclaim on the grounds that it did not comply with statutory requirements for set-off; nor with the common-law requirements of recoupment; and that there exists no right of counterclaim apart from recoupment and set-off. The motion was granted by *Griffith,* J. "on the grounds that the two actions may not be tried together." Defendant's exception thereto was reserved and transferred in advance of trial.

This motion to dismiss raises the general issue of the extent to which a defendant may expand the dimensions of a lawsuit by injecting its claims into it. James, Civil Procedure, *s.* 10.13 (1965). In many jurisdictions methods of accomplishing this purpose, be it by set-off, recoupment, or counterclaim, are governed by statute. 20 Am. Jur. 2d, Counterclaim, Recoupment, Etc., *ss.* 16-19, *pp.* 239-242. In this state, set-off is the only one so governed. RSA 515:7, 8.

Plaintiffs properly maintain that defendant's motion, whether based on malicious prosecution, abuse of process, or both (*Friel v. Plumer,* 69 N. H. 498), does not meet the statutory requirements of set-off. Its claim cannot be considered as a subsisting debt due at the date of plaintiffs' suit which is an essential statutory requirement of set-off. *Petition of Keyser,* 98 N. H. 198, 200; RSA 515:7, 8.

Recoupment "was originally a deduction from damages because of part payment, former recovery, or some analogous fact." James, Civil Procedure, s. 10.14 (1965). It could only be used defensively to defeat or diminish plaintiff's recovery. *Id.* However, it is now the law in this state that recoupment for unliquidated damages in excess of plaintiff's demand is permitted. *Vernon Corp.* v. *Granite &c. Co.,* 93 N. H. 315, 316. But grounds for recoupment must arise out of the same contract or transaction as that constituting the basis of plaintiffs' claim, in this case, the contract for labor and materials. *Arcadia &c. Mills* v. *Company,* 89 N. H. 188, 189; *Lovejoy* v. *Ashworth,* 94 N. H. 8, 10. Abuse of process in the institution of an action to recover on such a contract is not considered as growing out of the subject matter of plaintiffs' action. 20 Am. Jur. 2d, Counterclaim, Recoupment, Etc., s. 42. To the extent that the gravamen of defendant's counterclaim is based on malicious prosecution, it could not properly be the subject of such a claim at this juncture in the proceedings. *Hellberg* v. *Norris,* 97 N. H. 222, 223.

Although counterclaim is said to be a statutory procedure (James, Civil Procedure, s. 10.15 (1965)); and New Hampshire has no such statute (*Derry Loan &c. Co.* v. *Falconer,* 84 N. H. 450, 454; *Soble* v. *Company,* 96 N. H. 279); counterclaims have become part of our procedure as recognized by Superior Court Rule 27 RSA ch. 491 App. Counterclaim is broader than set-off or recoupment and consists in a cross-demand existing in favor of the defendant against the plaintiff on which he could have sued the plaintiff and obtained a judgment. 80 C.J.S., Set-Off and Counterclaim, s. 6.

On equitable grounds, however, set-off, recoupment, and counterclaim are treated in much the same manner. If the Trial Court finds the existence of special circumstances which in equity and justice require the allowance of any one of such pleas it will be permitted. *Hellberg v. Norris,* 97 N. H. 222, 223; *Petition*

*of Keyser,* 98 N. H. 198, 200. Nonresidence of the plaintiff which would make it difficult for the defendant to enforce his claim otherwise has been found to be such a special circumstance. *Arcadia &c. Mills* v. *Company,* 89 N. H. 188, 190; *Vernon Corp.* v. *Granite &c. Co.,* 93 N. H. 315, 316; *Lovejoy* v. *Ashworth,* 94 N. H. 8. Insolvency of the plaintiff and his fraud have also been found to constitute special circumstances permitting the plea. *Korlann* v. *E-Z Pay Plan,* 428 P. 2d 172 (Ore. 1967); 20 Am. Jur. 2d, Counterclaim, Recoupment, Etc., *ss.* 25, 26. These circumstances do not exist in this case.

The Trial Court will also consider whether the allowance of set-off, recoupment, or counterclaim would produce undue complexity and confusion of issues which might prejudice the rights of one or of both parties. *Hellberg* v. *Norris,* 97 N. H. 222, 223. See James, Civil Procedure, *s.* 10.16, *p.* 480 (1965).

The Trial Court dismissed defendant's counterclaim "on the grounds that the two actions may not be tried together." Plaintiffs were residents of this state and it could be assumed that defendant could enforce its cause of action in separate proceedings without undue difficulty. Judicial notice could be taken that an action to recover for labor and materials can in itself prove complex and confusing to a jury. The Trial Court could properly find that, if there was added to plaintiff's suit an action for malicious prosecution, or abuse of process, with complex grounds of damages, such claim "could not be adjudicated conveniently in this action." *Hellberg* v. *Norris,* 97 N. H. 222, 223. The Trial Court's ruling was proper.

*Exception overruled.*

GRIMES and GRIFFITH, JJ., did not sit; the others concurred.