**Abraham YELLOWITZ and Beatrice Yellowitz, Appellants,**

v.

**J. H. MARSHALL & ASSOCIATES, INC., assignee of Michael Madeloff, M.D., Appellee.**

No. 5826.

District of Columbia Court of Appeals.

Argued Sept. 27, 1971.

Decided Dec. 13, 1971.

Werner Strupp, Washington, D. C., for appellants.

Marvin E. Perlis, Silver Spring, Md., with whom S. Michael Pincus, Silver Spring, Md., was on the brief for appellee.

Before KELLY, NEBEKER and YEAGLEY, Associate Judges.

YEAGLEY, Associate Judge:

Appellee, as assignee of a medical bill of Michael Madeloff, M.D., brought suit [1] against appellants, Abraham and Beatrice Yellowitz, for the sum of $3,986, the amount alleged to be owing for medical services rendered by Dr. Madeloff to Abraham Yellowitz. Appellants denied the reasonableness of the charges, denied that Beatrice Yellowitz was liable in any amount and filed a counterclaim against appellee seeking $1,000 compensatory damages, and $15,000 punitive damages for the attachment of their residence by Dr. Madeloff on a wrongful allegation of nonresidency, and for abuse of process.[2]

The trial court dismissed the counterclaim as not constituting a valid claim against this plaintiff and ruled that since appellants had presented no evidence regarding the reasonableness of Dr. Madeloff's fee there was no issue for the jury. Accordingly, it instructed the jury to return a verdict for appellee in the full amount of $3,986.

Appellants then filed a motion for a new trial claiming that the erroneous exclusion of evidence regarding the reasonableness of the fees, the dismissal of the counterclaim and taking the question of the reasonableness of the fee from the jury deprived them of a fair trial. The lower court denied the motion and this appeal followed.

■ Appellants contend that despite the fact that no admissible evidence was offered in the court below to dispute the reasonableness of Dr. Madeloff's charges for services performed, the determination of whether such fees are reasonable is exclusively within the province of the jury and that the court committed error when it instructed the jury to return a verdict for the amount claimed by appellee.

In Hankerson v. Thomas, D.C.Mun.App., 148 A.2d 583, 584 (1959), where a physician sued his patient for services rendered, and the patient produced no evidence as to the reasonableness of the charges, we said "the value of a physician's services is . . . a matter to be determined by the trier of the facts." To the same effect see also Beale v. King, 204 Va. 443, 132 S.E.2d 476 (1963); In re McKeehan's Estate, 358 Pa. 548, 57 A.2d 907 (1948); Fowle v. Parsons, 160 Iowa 454, 141 N.W. 1049 (1913).

Thus, even though the evidence as to the reasonableness of the fees was undisputed, the determination of the question of the value of the medical services was for the trier of facts. Therefore we must reverse and remand for a new trial.

■ Appellants' second contention is that it was error for the trial court to dismiss their counterclaim which they assert is permitted by Rule 13(b) of the Superior Court.[3] The rule, however, seems only to

---

1. In accordance with the provisions of D.C.Code 1967, § 28–2303.

2. At trial appellants proffered that on September 17, 1968 an attachment in the amount of $3,986 had issued on their personal residence pursuant to an affidavit of nonresidence sworn to by Dr. Madeloff and that on September 23, 1968 following a hearing in the Circuit Court of Montgomery County, Maryland, their motion to quash the attachment was granted since appellants were in fact residents of that jurisdiction.

3. *"Permissive Counterclaims.* A pleading may state as a counterclaim any claim against an opposing party not arising

encompass claims one has "against the opposing party" and does not necessarily contemplate claims against the opposing party's assignor. Appellants nonetheless argue that the counterclaim is valid since the assignment of the doctor bill to appellee must be taken subject to all defenses which could be asserted against the assignor, Dr. Madeloff.

While we recognize the general rule relied on by appellants that "the assignee of a chose in action takes it subject to all defenses, including set-offs, existing at the time of the assignment", Hudson Supply & Equipment Co. v. Home Factors Corp., D.C.App., 210 A.2d 837, 838 (1965), it is by no means clear that this means that a defendant may counterclaim against the plaintiff for the tort of plaintiff's assignor. A counterclaim is usually something more than a defense or a setoff and as used here raises the question of how far a defendant may expand the dimensions of a lawsuit.

We would point out that appellants would have no cause of action against appellee in an independent action as abuse of process is a personal tort and appellee's assignor, Dr. Madeloff, was the alleged tortfeasor. The appellee was in no way involved in the attachment of appellants' house, yet appellants seek $16,000 in damages from appellee.

Since the right to recover for abuse of process arises from the acts of the tortfeasor, liability cannot be imputed to a third party not involved with the misapplication of process unless it can be shown that the party accepting the assignment of a money claim expressly took it subject to existing claims which the debtor had against the assignor at the time of the assignment.

■ Appellants' argument raises the question of the application of D.C.Code

1967, § 13–502 which provides in pertinent part:

. . . in an action by the assignee of a nonnegotiable debt the defendant may set off by counterclaim any indebtedness to him of the assignor, existing before notice of the assignment. . . .

Thus this section only authorizes a party to counterclaim for an "indebtedness . . . existing before notice of the assignment." [4]

We do not believe that this provision of the Code was intended to authorize a counterclaim in the form of a cause of action in tort for unliquidated damages against the assignee of the tort-feasor. As long as a contingent liability in tort is unlitigated it is not yet an "indebtedness" within the meaning of section 13–502.

Appellants have not shown that prior to the assignment any existing "indebtedness" was owed to them by Dr. Madeloff. In their counterclaim against the assignee appellants averred only a claim for unliquidated damages arising out of the alleged abuse of process by the assignor.

Accordingly we are of the view that the trial court acted properly in dismissing the counterclaim. However, since the question of the reasonableness of the medical fees should have been submitted to the jury, the cause must be reversed with instructions to grant a new trial as to appellant Abraham Yellowitz. Since there is no evidence in the record that the wife assumed any contractual obligation for the medical services rendered to her husband by Dr. Madeloff, the judgment against her must be reversed with instructions to dismiss the complaint as to Beatrice Yellowitz.

Affirmed in part and reversed in part with instructions.

out of the transaction or occurrence that is the subject matter of the opposing party's claim if such counterclaim is within the jurisdiction of the court."

4. *See* Varney v. General Enolam, Inc., 109 N.H. 514, 257 A.2d 11 (1969) where the court held that a counterclaim for abuse of process could not be considered as a subsisting debt due at the date of plaintiffs' suit.