Carroll
No. 7942

### N. VAN MILLER

v.

### LYFORD HUTCHINS AND ALYS E. HUTCHINS

March 31, 1978

*Frederic L. Cox,* of Wolfeboro (*Timothy J. Sullivan* orally), for the plaintiff.

*Devine, Millimet, Stahl & Branch,* of Manchester (*Shane Devine* orally), for the defendants.

DOUGLAS, J.   This case originated as an action in debt on a foreign judgment. Defendant Lyford Hutchins appeals the trial court's dismissal of his counterclaim. We reverse and remand.

Plaintiff N. Van Miller, a Virginia resident, sought to recover a California judgment against the defendants, Mr. and Mrs. Lyford Hutchins, New Hampshire residents. The defendants, appearing pro se, filed an answer denying the validity of the foreign judgment and pleading lack of jurisdiction, statute of limitations, and the federal "Soldiers and Sailors Relief Act." Defendant Lyford Hutchins then counterclaimed, alleging acts of slander and libel in New Hampshire, Virginia, and Washington, D.C. After a hearing and consideration of briefs and exhibits filed by both parties, the Trial Court (*Bois*, J.) granted plaintiff's motion to dismiss the counterclaim.

Relying on *Varney v. General Enolam, Inc.*, 109 N.H. 514, 257 A.2d 11 (1969), defendant contends that he is entitled as a matter of law to have his counterclaim tried with plaintiff's action. He argues that the granting of his counterclaim is mandated by the nonresidence of the plaintiff, his own physical disability, the in-state nature of some of the tortious activity alleged in his counterclaim, and the lack of an alternative forum.

The *Varney* opinion acknowledged the rule in New Hampshire that if the trial court finds the existence of special circumstances which in equity and justice require the allowance of a counterclaim it will be permitted. 109 N.H. at 516, 257 A.2d at 13; *Petition of Keyser*, 98 N.H. 198, 96 A.2d 551 (1953); *Hellberg v. Norris,* 97 N.H. 222, 84 A.2d 835 (1951). And although trial courts were also instructed to consider whether allowance of the counterclaim could produce undue complexity and confusion of issues which might prejudice the rights of one or of both parties, *Varney v. General Enolam, Inc.*, 109 N.H. at 517, 257 A.2d at 13; *Hellberg v. Norris supra*, nonresidence of the plaintiff was recognized as a special circumstance which usually demands the application of the doctrine of equitable set-off. *Varney*, 109 N.H. at 517, 257 A.2d at 13; *Vernon Parts Corp. v. Granite State Machine Co., Inc.*, 93 N.H. 315, 41 A.2d 605 (1946); *Arcadia Knitting Mills, Inc. v. Elliott Manufacturing Co.*, 89 N.H. 188, 195 A. 681 (1937).

Mr. Van Miller's nonresidence would preclude Mr. Hutchins, in a separate action in New Hampshire, from suing on the allegations of defamation occurring in Virginia and Washington, D.C. *See Leeper v. Leeper*, 114 N.H. 294, 319 A.2d 626 (1974); RSA 510:4 I

(Supp. 1975). The record indicates that most of the alleged defamations occurred outside New Hampshire and that the applicable Virginia statute of limitations has run on the majority of the allegations. Therefore, aside from any actual hardship in bringing suit in Virginia, dismissal of the counterclaim effectively denies Mr. Hutchins a forum in which to bring his cause of action. This case is even more compelling than *Arcadia Knitting Mills, Inc. v. Elliott Manufacturing Co.*, 89 N.H. 188, 195 A. 681 (1937), where we recognized the nonresidency of the plaintiff as "demanding" the allowance of the defendant's claim.

We find that the trial court is required as a matter of law to allow Mr. Hutchins' counterclaim. The counterclaim cannot be conveniently tried with plaintiff's action because the issues raised by the counterclaim are unrelated to the original action; the counterclaim is asserted by Lyford Hutchins alone rather than by both defendants; the trial of the counterclaim will involve out-of-state witnesses and out-of-state depositions as well as determination of the requests for injunctive relief and general, special, and exemplary damages totaling $100,000. Any undue complexity of prejudicial confusion will be vitiated by separate trials. *See* F. James, Civil Procedure 10:16, at 480 (1965).

> *Exception sustained; separate trials ordered; remanded.*

LAMPRON & BOIS, JJ., did not sit; JOHNSON, J., sat by special assignment pursuant to RSA 490:3; all concurred.