Rockingham
No. 79-144

ZURBACK STEEL CORPORATION

v.

ROBERT EDGCOMB

January 31, 1980

*Fisher, Parsons, Moran & Temple,* of Dover (*Edward T. Clancy* orally), for the plaintiff.

*Shute, Engel & Frasier,* of Exeter (*David C. Engel* orally), for the defendant.

KING, J. The issue before this court is whether the trial court properly granted a motion to dismiss the defendant's cross-claim against the plaintiff because at the time the cross-claim was filed it was barred by the statute of limitations, RSA 508:4. We hold that the dismissal was proper.

In August of 1970, the defendant, Robert Edgcomb, allegedly entered into an oral agreement with the plaintiff, Zurback Steel Corporation, whereby the defendant was to perform services for the plaintiff as an independent contractor in the steel industry. The defendant was to be paid by the plaintiff on a commission basis and was to have the right to draw against earned commissions. The oral agreement was terminated in January of 1971. At that time, it was the position of the plaintiff that the sum of $3,084.38 was drawn over and above commissions earned by the defendant, which overdraw the defendant did not repay. Plaintiff thereafter instituted suit for the claimed overdraw payments by writ dated September 21, 1972. Plaintiff filed a motion for summary judgment on December 17, 1976. Defendant filed a motion to extend the time for filing an affidavit in opposition to the motion for summary judgment because defendant was residing outside the State of New Hampshire. This motion was granted and the time for filing the affidavit in opposition to the motion for summary judgment was extended for twenty days. On March 1, 1977, because no counter-affidavit had been filed within the twenty-day extension, plaintiff's motion for summary judgment was granted.

On April 1, 1977, the defendant filed a motion to recall the execution on the judgment, to vacate the judgment, and for leave to file an affidavit in opposition to the motion for summary judgment. Part of the defendant's prayer for relief included a request to file a cross-claim on behalf of the defendant against the plaintiff. The court granted that part of the prayer but denied the defendant's request for

other relief. On June 23, 1977, pursuant to the court order, the defendant filed a cross-claim to which the plaintiff filed a general objection. When the case was set for a hearing on the merits, plaintiff filed a motion to dismiss the cross-claim, pleading that the cross-action was barred by the statute of limitations, RSA 508:4. After a hearing on the motion to dismiss, the motion was granted and defendant's exceptions were transferred by *Randall*, J. The critical question, then, is whether a cross-demand not barred by the statute of limitations at the time the original suit was commenced is barred if the statute of limitations had in fact run when the cross-demand was filed.

The defendant herein seeks to inject his claim into a suit brought by the plaintiff. This jurisdiction permits such a cross-demand through set-off, recoupment or counterclaim. *Varney v. General Enolam Co.*, 109 N.H. 514, 257 A.2d 11 (1969). Although the defendant has filed what he has termed a "cross-claim," and although other jurisdictions have recognized a cross-claim as a specific type of cross-demand, we find no necessity for creating a new category in this jurisdiction. The defendant's claim arises out of the same transaction giving rise to the plaintiff's suit and is, therefore, in the nature of recoupment. *Varney v. General Enolam Co. supra; Lovejoy v. Ashworth*, 94 N.H. 8, 10, 45 A.2d 218, 219 (1946); *Arcadia &c. Mills v. Company*, 89 N.H. 188, 195 A. 681 (1937). Recoupment has traditionally been viewed as the right of a defendant to reduce or eliminate the plaintiff's demand either because the plaintiff has not complied with some cross obligation of the contract on which he sues or because he has violated some duty which the law imposes upon him in the making or performance of that contract. 20 AM. JUR. 2d *Counterclaim, Recoupment and Setoff* § 1 (1965); *see, e.g., National Bank & Trust Co. v. Castle*, 196 Va. 686, 85 S.E.2d 228 (1955); *Davenport v. Hubbard*, 46 Vt. 200 (1873).

While recoupment was originally used defensively to defeat or diminish plaintiff's recovery, the law in this State permits recoupment for amounts in excess of plaintiff's demand. *Varney v. General Enolam Co. supra; Vernon Corp. v. Granite &c. Co.*, 93 N.H. 315, 317, 41 A.2d 605, 606 (1945). In this State, recoupment is no longer limited to defensive use, but may also be used affirmatively to obtain full relief, a complete determination of all controversies arising out of matters alleged in the original petition, and to allow the defendant affirmative relief against the plaintiff. Where the plea seeks affirmative relief, rather than mitigation of the plaintiff's demand, it is subject to the operation of the statute of limitations. *See* 51 AM. JUR. 2d *Limitation of Actions* § 78 (1970); Annot., 1 A.L.R. 2d 630, § 4 (1948).

■ RSA 508:4 provides that a cause of action based on alleged violations of an oral employment agreement must be brought within six years after the cause of action accrued. Although this court has not specifically ruled that recoupment is within the definition of "action" covered by our own statutes of limitations, we have ruled that similar cross-demands are so defined. *Phinney v. Levine*, 117 N.H. 968, 381 A.2d 735 (1977) (counterclaim found subject to six-year limitations period for "actions"); *Jones v. Jones*, 21 N.H. 219 (1850) (defendant's claim in set-off regarded as an "action" within the language of limitation statutes). Because recoupment in this jurisdiction may be used affirmatively and because our own decisions interpreting "action" include similar cross-demands, we hold that RSA 508:4 applies to a recoupment.

There is no dispute on the record that the transaction in question occurred between August 1970 and February 1971, and that the recoupment was filed in February 1979, well outside the six-year statute of limitations. The weight of authority, however, supports the rule that if a cross-demand is not barred at the commencement of the action in which it is pleaded, it does not become so afterward during the pendency of that action. 51 AM. JUR. 2d *Limitation of Actions* § 78 (1970); Annot., 127 A.L.R. 909 (1940); *see, e.g., Rollins v. Horn*, 44 N.H. 591 (1863). *See also Permanent Ins. Co. v. Cox*, 99 Ohio App. 389, 133 N.E.2d 627 (1955); *Jones v. Mortimer*, 28 Cal. 2d 627, 170 P.2d 893 (1946); *Tom Reed Gold Mines Co. v. Brady*, 55 Ariz. 133, 99 P.2d 97 (1940).

■ Plaintiff's suit was instituted with regard to the agreement on August 21, 1972, well within the six-year statute of limitations. Any recoupment, set-off, or counterclaim which the defendant had the right to raise with regard to the agreement entered into in August 1970 was not barred by the statute of limitations at the time the original action was instituted by the plaintiff. Consequently, the commencement of the original action suspended the running of the statute of limitations against a claim by recoupment.

■■ The recoupment here, however, was filed after plaintiff's motion for summary judgment had been granted, not during the pendency of the original action. A defendant's cross-demand in a plaintiff's action serves to avoid circuity of action, multiplicity of suits, inconvenience, expense, unwarranted consumption of the court's time, and injustice by resolving all controversies and granting full relief in one proceeding. 20 AM. JUR. 2d *Counterclaim, Recoupment and Setoff* § 14 (1965) and cases cited therein. *See also Vernon Corp. v. Granite &c. Co. supra; Johnson v. Association*, 68 N.H. 437, 36 A. 13

(1895). The law does not compel parties to bring two actions when, with equal convenience, their rights can be settled in one. *Johnson v. Association supra* at 438, 36 A. at 13. In the instant case, however, plaintiff's action had ceased at the time plaintiff's motion for summary judgment was granted. By failing to file a timely affidavit in opposition to the motion for summary judgment and by failing to file the cross-demand within the pendency of plaintiff's action, defendant did not permit the court to resolve the controversy in one proceeding. The defendant, therefore, did not file a cross-demand but instead sought, in effect, to commence a new action. Because such new action was brought after the six-year statute of limitations had run, RSA 508:4, the suit is barred.

*Exceptions overruled; appeal dismissed.*

All concurred.