Merrimack
No. 80-147

### CITY OF CONCORD

v.

### 5,700 SQUARE FEET OF LAND AND DONALD L. JONES

March 11, 1981

*Paul F. Cavanaugh*, city solicitor, by brief and orally, for the plaintiff.

*Upton, Sanders & Smith*, of Concord (*Russell F. Hilliard* on the brief and orally), for the defendant.

KING, J. The plaintiff instituted a condemnation action in the superior court by filing a declaration of taking pursuant to RSA ch. 498-A (Supp. 1979) of 5,700 square feet of land, more or less, in Concord owned by the defendant Jones. The defendant's answer to the petition included a counterclaim. In addition, the defendant filed a motion for summary judgment on the counterclaim, which the Trial Court (*Souter*, J.) granted due to the plaintiff's failure to file affidavits in opposition to the motion within thirty days, as required by RSA 491:8-a (Supp. 1979). The plaintiff then filed a motion to strike the allowance of the motion and for leave to file a late counter-affidavit, which the court denied. The plaintiff then

filed a second motion to strike on the ground that the court lacked subject matter jurisdiction to grant summary judgment on counterclaims in an eminent domain proceeding. The court also denied this motion, and the plaintiff appealed. We affirm.

The plaintiff alleged in its declaration of taking that an appraiser determined the fair market value of the defendant's property to be $80,500. This sum included $2,950 as the value of a leasehold held by Henry Binner, $6,400 as the value of a leasehold held by James Mancini, $31,135.81 as the amount due on a mortgage held by Indian Head National Bank, and $42,514.19 which represented the fair market value of the property less the above encumbrances. The petition alleged that Binner, Mancini, and the bank accepted the offer of the plaintiff to purchase their interests for the values assessed, but that the defendant failed to accept the offer of $42,514.19. We note that there is an obvious error in the petition in that the actual total of these various interests is $83,000 rather than $80,500 as alleged. For purposes of this decision, however, the error is not significant.

In his answer to the petition, the defendant denied that either Binner or Mancini had a leasehold interest in the property. The defendant also denied that the plaintiff offered him $42,514.19 for the property and alleged, rather, an offer of $48,914.19. The defendant counterclaimed that he had accepted the plaintiff's offer of $48,914.19 for the property and was entitled to be paid that amount. Because the defendant had accepted the tendered sum of $42,514.19 without prejudice, the superior court's grant of the motion for summary judgment awarded the defendant only the balance of $6,400 plus costs and interest.

The superior court clearly had authority to grant the motion for summary judgment if the defendant's counterclaim was properly before it. "A party seeking to recover upon a claim, counterclaim, or cross-claim, or to obtain a declaratory judgment may, at anytime after the defendant has appeared, move for summary judgment in his favor upon all or any part thereof." RSA 491:8-a (Supp. 1979). Because the defendant was a party seeking to recover on a counterclaim, the court had the power to grant a motion for summary judgment. The only issue remaining, therefore, is whether the superior court lacked subject matter jurisdiction to hear the defendant's counterclaim in a condemnation proceeding.

The plaintiff argues that the legislative purpose in enacting RSA ch. 498-A (Supp. 1979) was to establish an exclusive and speedy

procedure for assessing damages in condemnation cases and that the injection of "collateral" issues, unrelated to the specific issue of damages, frustrates that purpose and, therefore, should not be allowed. We disagree.

■ The plaintiff's condemnation action was certainly within the jurisdiction of the superior court. RSA 498-A:3 (Supp. 1979). The defendant's action, sounding in contract, was also within the jurisdiction of the court. RSA 491:7 (Supp. 1979). Thus, unless RSA ch. 498-A (Supp. 1979) precludes the superior court from hearing counterclaims, the real question is the propriety of the court's action in allowing the counterclaim, rather than the court's jurisdiction. The statute neither expressly allows nor precludes the institution of a counterclaim in condemnation proceedings. The speedy and efficient resolution of damage questions in condemnation cases is one important purpose behind the statute. *See* RSA 498-A:1 (Supp. 1979). We do not believe it is inconsistent with the intent of the legislature to allow a counterclaim setting up the existence of a contract between the condemnor and the condemnee for the sale of the property. Such a counterclaim may do away with the need for much of the procedure set forth in RSA ch. 498-A (Supp. 1979).

■■ New Hampshire has no statute governing counterclaims as such, but they have become part of our procedure by practice and court rules. *Varney v. General Enolam Co.*, 109 N.H. 514, 516, 257 A.2d 11, 13 (1969); *see* Superior Court Rules 27, 33. The law does not compel parties to bring two separate actions when, with equal convenience, their rights can be settled in one. *Zurback Steel Corp. v. Edgcomb*, 120 N.H. 42, 46, 411 A.2d 153, 156 (1980); *Johnson v. Association*, 68 N.H. 437, 438, 36 A. 13, 13 (1895). The reason for allowing counterclaims is to "avoid circuity of action, multiplicity of suits, inconvenience, expense, unwarranted consumption of the court's time, and injustice by resolving all controversies and granting full relief in one proceeding." *Zurback Steel Corp. v. Edgcomb*, *supra* at 45, 411 A.2d at 156. Of course, whether to allow a counterclaim is within the discretion of the trial court, *see Varney v. General Enolam Co.*, *supra* at 516–17, 257 A.2d at 13–14, and where the allowance of a counterclaim would cause undue complexity or prejudicial confusion, the court may require separate trials. *Van Miller v. Hutchins*, 118 N.H. 204, 206, 384 A.2d 791, 792 (1978).

In the instant case, the defendant's counterclaim grew out of the circumstances surrounding the condemnation proceeding, and was factually and logically related to the plaintiff's petition. Resolution of the defendant's claim actually resolved the matter of compensation and prevented the need for further proceedings under RSA ch. 498-A (Supp. 1979). Under these circumstances, we hold that it was proper for the trial court to allow the defendant's counterclaim.

*Affirmed.*

All concurred.